(text box: 1) NO. 5-04-0231

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

LLOYD C. WHITTLEMAN, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellant, )  Madison County.

)

v. )  No. 02-L-932

)

OLIN CORPORATION and ) 

CLIFFORD S. MEISENHEIMER, )  Honorable

)  Phillip J. Kardis,

     Defendants-Appellees. )  Judge, presiding.

________________________________________________________________________

JUSTICE KUEHN delivered the opinion of the court:

This is an electrocution injury case.  Lloyd C. Whittleman appeals from the trial court's March 25, 2004, order prejudicially dismissing his fourth amended complaint for the failure to state a claim.

On September 27, 2000, Lloyd C. Whittleman (Whittleman) was employed as an electrician by Wegman Electric on assignment to an Olin Corp. (Olin) job at Olin's East Alton manufacturing facility.  Whittleman's job was to install aluminum conduit piping.  The job site was near high-voltage electrical lines, which were not deenergized, shielded, or otherwise covered.  The contract did not require that the electrical lines be deenergized, shielded, or covered.  At some point during his workday, a length of conduit Whittleman was holding came into contact with one of these high-voltage lines, resulting in severe electrical burns to Whittleman.  These burns required surgical debridement and an amputation of a portion of Whittleman's left foot, as well as soft tissue injuries to his neck, back, and legs.

Whittleman filed suit against Olin, the owner of the premises, and Clifford S. Meisenheimer (Meisenheimer), Olin's chief engineer at the East Alton site.  The initial complaint simply alleged that the defendants had been negligent in failing to deenergize the high-voltage lines, failing to provide protective covering for the lines, and failing to plan for the project to be done in a manner that did not expose workers to dangerous power lines.  The defendants filed a motion to dismiss for a failure to state a cause of action, arguing that they did not owe Whittleman a duty of due care because of the open and obvious nature of the danger.  Defendant Meisenheimer also argued that he owed Whittleman no duty because he did not possess or control the premises on which Whittleman was injured.  The trial court granted these motions.

On December 5, 2002, Whittleman filed his first amended complaint.  This time he alleged the distraction theory, specifically alleging that the defendants had been negligent for failing to deenergize power lines, failing to plan for the work, and failing to provide protection against contact with power lines, 
when they knew or should have known that workers would be distracted from the danger
.  The defendants again asked the trial court to dismiss the complaint, which the court did on March 27, 2003, with leave to file a second amended complaint.

The second amended complaint was filed on April 14, 2003.  The distraction theory was again pleaded, specifically alleging that in failing to deenergize the power lines, in failing to plan for the work, and in failing to provide protection against contact with power lines, the defendants knew or should have known "
that those doing the work would be distracted by the work they were doing
" (emphasis added).  The trial court dismissed this complaint on June 19, 2003, with leave to file a third amended complaint.

On June 23, 2003, Whittleman filed his third amended complaint.  In this amendment, he alleged that the defendants had failed to deenergize power lines, failed to plan for the work, and failed to provide protection against contact with power lines when they knew or should have known "
that those doing such work in the vicinity of said lines would be distracted
 
by
 [
their
] 
work
" (emphasis added).  On September 11, 2003, the trial court granted the defendants' motion to dismiss and granted Whittleman leave to file a fourth amended complaint.

Whittleman filed his fourth amended complaint on October 30, 2003.  In this version of the complaint, he alleged that Olin had failed to deenergize the high-voltage lines, failed to exercise reasonable care to protect those working in the line's proximity, and failed to appropriately plan the work being done when it should have expected that those so engaged might "
momentarily forget the danger or be distracted by the work they were doing
" (emphasis added).  Whittleman alleged a slightly different version against defendant Meisenheimer but essentially carried forth with the theme that the distraction was the work that Whittleman was doing at the time of the accident.  Both defendants again asked the trial court to dismiss the complaint, and on March 25, 2004, the trial court granted this motion with prejudice, denying Whittleman the opportunity to file his fifth amended complaint.

Whittleman appeals.

When the trial court is presented with a motion to dismiss a case for a failure to state a cause of action, pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2002)), the court must determine whether the complaint sets forth sufficient facts that, if established, could entitle the plaintiff to relief.  
Bryson v. News America Publications, Inc.
, 174 Ill. 2d 77, 86, 672 N.E.2d 1207, 1214 (1996).  The trial court must accept all well-pleaded facts in the complaint as true and draw reasonable inferences from those facts that are favorable to the plaintiff.  
Bryson
, 174 Ill. 2d at 86, 672 N.E.2d at 1213-14.  Because the trial court is not being called upon to judge any witness's credibility or weigh facts, on appeal we review the matter 
de novo
.  
Jackson v. Michael Reese Hospital & Medical Center
, 294 Ill. App. 3d 1, 9, 689 N.E.2d 205, 211 (1997).

At issue is whether Whittleman ever alleged sufficient facts that could have entitled him to relief.  Generally speaking, a possessor of land owes no duty to invitees for physical harm related to an open and obvious danger.  Restatement (Second) of Torts §343A (1965).  The existence of that duty is a question of law, and in considering the question, the courts must consider the following factors:

"(1) the reasonable foreseeability of injury, (2) the reasonable likelihood of injury, (3) the magnitude of the burden that guarding against injury places on the defendant, and (4) the consequences of placing that burden on the defendant."  
Sollami v. Eaton
, 201 Ill. 2d 1, 17, 772 N.E.2d 215, 224 (2002).

This case starts with the premise that the power lines were open and obvious to Whittleman, because he alleges that he was distracted from their danger.  The distraction theory comes into play when the possessor of land has reason to expect that his invitee's attention might be distracted so that the invitee will not discover the open and obvious danger.  
Sollami
, 201 Ill. 2d at 15, 772 N.E.2d at 223 (relying on Restatement (Second) of Torts §343A(1), Comment 
f
, at 220 (1965)).  The proper inquiry for the courts determining the applicability of the distraction-theory exception is as follows:

"The inquiry is whether the defendant should reasonably anticipate injury to those entrants on his premises who are generally exercising reasonable care for their own safety, but who may reasonably be expected to be distracted, as when carrying large bundles, or forgetful of the condition after having momentarily encountered it.  If in fact the entrant was also guilty of negligence contributing to his injury, then that is a proper consideration under comparative negligence principles."  
Ward v. K mart Corp.
, 136 Ill. 2d 132, 152, 554 N.E.2d 223, 232 (1990).

From the above quotation, it is clear that the Illinois Supreme Court focused its attention on the defendant in determining whether the exception should apply and that, therefore, the courts must undertake an analysis of the foreseeability of the harm and the likelihood of injury taken from the defendant's perspective.  

In analyzing the foreseeability of a distraction, the exception only applies when the defendants can anticipate injury to invitees who are "generally exercising reasonable care for their own safety."  
Ward
, 136 Ill. 2d at 152, 554 N.E.2d at 232.  Additionally, courts must look to the distraction's cause to determine whether or not the distraction was reasonably foreseeable.  A defendant landowner can be liable to invitees for open and obvious dangers "where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it."  Restatement (Second) of Torts §343A(1), Comment 
f
, at 220 (1965).  

While there is no clear-cut rule that the distraction must be caused by someone other than the plaintiff in order to be deemed foreseeable, the cases cited by the parties all involve distractions created in some respect by the defendant or by third parties.  In 
Ward v. K mart
 
Corp.
, a customer purchased a large mirror and in carrying it out to the parking lot walked into a five-foot post located near the exit door.  
Ward
, 136 Ill. 2d at 138, 554 N.E.2d at 225.  While the distraction was seemingly an item held by the purchaser in a manner that obscured the purchaser's clear view, the reality is that the item was sold by K mart and thus K mart would have been able to anticipate that the purchaser would have to transport the item to his car.  
Ward
, 136 Ill. 2d at 152-53, 554 N.E.2d at 232; see also 
Deibert v. Bauer Brothers Construction Co.
, 141 Ill. 2d 430, 566 N.E.2d 239 (1990) (an employee of a subcontractor was able to establish the general contractor's responsibility when the employee stepped into a visible tire rut while distracted by looking above to ensure that other workers were not throwing construction debris off a balcony in his direction); 
American National Bank & Trust Co. of Chicago v. National Advertising Co.
, 149 Ill. 2d 14, 594 N.E.2d 313 (1992) (the estate of a deceased billboard painter was able to withstand a summary judgment in its suit against the lessee of the land and the billboard for the painter's death, which occurred when the painter became distracted in stepping over the top of the billboard in very close proximity to an obvious electrical wire, because based upon the layout of the billboard and the scaffolding, it was foreseeable that a worker would have to watch his feet and lose sight of the power line in stepping over the billboard).

In order to state a cause of action in this case, Whittleman would have had to allege that whatever distracted him could have been reasonably anticipated by Olin or Meisenheimer.  He never alleges what specifically caused his distraction from the dangerous power lines.  He alleges only that the distraction was based in the work in which he was engaged as an electrician.  He does not allege that Olin or Meisenheimer in any way did or did not take an action that caused or created the distraction.  He does not allege that anything about the layout of the accident scene was distracting.  He only alleges that he became distracted by himself and the work in which he was engaged.

The fact that Whittleman cites to no case in which the plaintiff creates his own distraction is telling.  Courts would likely find it difficult to reach such a conclusion.  A plaintiff should not be allowed to recover for self-created distractions that a defendant could never reasonably foresee.  In order for the distraction to be foreseeable to the defendant so that the defendant can take reasonable steps to prevent injuries to invitees, the distraction should not be solely within the plaintiff's own creation.  The law cannot require a possessor of land to anticipate and protect against a situation that will only occur in the distracted mind of his invitee.  Based upon the facts of this case, we will not carve out an exception that would be akin to strict liability owed to all business invitees in self-created distraction situations.

For the foregoing reasons, the judgment of the circuit court of Madison County is hereby affirmed.

Affirmed.

WELCH and GOLDENHERSH, JJ., concur.

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 06/30/05.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.