Filed 8/30/10          NO. 4-09-0867

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| ANGELA LAKE, | ) | Appeal from |
|      Plaintiff-Appellant, | ) | Circuit Court of |
|      v. | ) | Macon County |
| RELATED MANAGEMENT COMPANY, L.P., an | ) | No. 06L187 |
| Illinois Limited Partnership; and DECATUR | ) | |
| PROPERTIES OF ILLINOIS, L.P., a Delaware | ) | Honorable |
| Limited Partnership, | ) | Albert G. Webber, |
|      Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE APPLETON delivered the opinion of the court:

Plaintiff, Angela Lake, filed a negligence complaint against defendants, Related Management Company, L.P., and Decatur Properties of Illinois, L.P., to recover damages for injuries she suffered when she tripped on the sidewalk in front of her apartment. The apartment complex was owned, managed, and maintained by defendants. The trial court granted summary judgment in favor of defendants, finding the defect in the sidewalk was a known, open, and obvious condition, and that plaintiff was distracted by the bags of groceries she was carrying at the time she fell--a distraction that was self-imposed and which precluded defendants' liability as a matter of law. We affirm.

I. BACKGROUND

In plaintiff's November 2006 complaint, she alleged that on December 4, 2004, she was carrying two bags of groceries, one in each arm, from her car into her apartment at Southern Hills apartment complex in Decatur when the heel of her boot got caught in a one-inch gap between the concrete slabs of the sidewalk and the front entry of

her apartment. She fell and sustained injuries. In her deposition, plaintiff stated that she knew the gap existed and described it as "dangerous," yet "obvious" and in plain view. She had lived in the same apartment since March 2001 and had knowingly traveled over the gap approximately eight times per week as part of her normal outings to and from her apartment. She first complained to management and/or maintenance personnel about the gap in 2002.

In June and July 2009, defendants, respectively, each filed a motion for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2008)), claiming it did not owe plaintiff a duty to warn or protect her from an open and obvious condition. In response, plaintiff did not dispute that she knew about the gap or that it was an open and obvious condition. Rather, she claimed defendants cannot be relieved of liability when she was injured by the dangerous condition while distracted by the act of carrying groceries.

In October 2009, the trial court conducted a hearing on defendants' motions for summary judgment, considering arguments of each party. The court took the matter under advisement. Two weeks later, the court entered the following docket entry:

"The question here is then was the [p]laintiff's allege[d] self-distraction reasonably foreseeable by the [d]efendants? It does not take much imagination to conclude almost any activity engaged in by a tenant could be self-distracting. For younger tenants, cell phones and iPods could serve; for older tenants misplaced keys or glasses; for those in the middle maybe simple wool-gathering while contemplating the next appellate court

argument. The human capacity for self-absorption is bottomless. To accept the [p]laintiff's suggestion here of foreseeability would be tantamount to making the premises owner an insurer of tenant's safety throughout their property against the possibility of any one of an infinite number of activities making up a person[']s normal daily activities result in self-distraction. The cases do not support such a conclusion. The [d]efendants' [m]otion for [s]ummary [j]udgment is allowed."

The court entered a written order on November 6, 2009. This appeal followed.

## II. ANALYSIS

A motion for summary judgment should be granted when the pleadings, depositions, and affidavits, when viewed in the light most favorable to the nonmovant, reveal there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rexroad v. City of Springfield, 207 Ill. 2d 33, 38-39, 796 N.E.2d 1040, 1043 (2003). "The purpose of summary judgment is not to try a question of fact, but is instead to determine whether one exists." Rexroad, 207 Ill. 2d at 39, 796 N.E.2d at 1043. We review de novo the court's order granting summary judgment. Weather-Tite, Inc. v. University of St. Francis, 233 Ill. 2d 385, 389, 909 N.E.2d 830, 833 (2009).

In an action for negligence, the plaintiff must set out sufficient facts establishing the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach. Bonner v. City of Chicago, 334 Ill. App. 3d 481, 483, 778 N.E.2d 285, 288 (2002). Unless the plaintiff can demonstrate the

existence of a duty on the defendant's part, no recovery by the plaintiff is possible as a matter of law and summary judgment in favor of the defendant is proper. Vesey v. Chicago Housing Authority, 145 Ill. 2d 404, 411, 583 N.E.2d 538, 541 (1991). One factor to be considered in determining whether a duty exists is the reasonable foreseeability of injury. See LaFever v. Kemlite Co., 185 Ill. 2d 380, 389, 706 N.E.2d 441, 446 (1998).

The foreseeability element is discussed in section 343 of the Restatement (Second) of Torts, which states:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts §343, at 215-16 (1965).

Comment d to section 343 provides that "[a]n invitee is entitled to expect that the possessor will take reasonable care to ascertain [the premises' condition] and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and

risk involved therein." Restatement (Second) of Torts §343, Comment d, at 217 (1965).

However, an open and obvious condition is a recognized exception to the duty of care set forth in section 343 of the Restatement. LaFever, 185 Ill. 2d at 390, 706 N.E.2d at 447. In Ward v. K mart Corp., 136 Ill. 2d 132, 151, 554 N.E.2d 223, 232 (1990), our supreme court adopted this exception set forth in section 343A(1) of the Restatement:

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts §343A(1), at 218 (1965).

There is an exception to this "open and obvious" rule as well. Rexroad, 207 Ill. 2d at 44-45, 796 N.E.2d at 1046. The distraction exception would apply and sustain a property owner's duty of due care if there is reason to expect that the invitee's attention may be distracted so that he or she would not discover what is obvious, or would forget what he or she has discovered, or would fail to protect himself or herself against it. Rexroad, 207 Ill. 2d at 45, 796 N.E.2d at 1046.

In general, "[i]n order for the distraction to be foreseeable to the defendant so that the defendant can take reasonable steps to prevent injuries to invitees, the distraction should not be solely within the plaintiff's own creation." Whittleman v. Olin Corp., 358 Ill. App. 3d 813, 817-18, 832 N.E.2d 932, 936 (2005) (distraction exception did not apply for injuries the plaintiff sustained from high-voltage lines, because the plaintiff alleged only that he was distracted by his work and did not allege that the defendant did

anything to cause the distraction or that the layout of the site was distracting); see also Sandoval v. City of Chicago, 357 Ill. App. 3d 1023, 1030-31, 830 N.E.2d 722, 729 (2005) (distraction exception inapplicable where a plaintiff is distracted by his or her own independent acts for which the defendant has no direct responsibility).

In this case, to the extent that carrying groceries was a distraction to avoiding the known gap between the two slabs of concrete, plaintiff created that distraction by either blocking her view of the gap or forgetting it was there. The cases relied on by plaintiff are distinguishable because in those cases, the defendants had created or contributed to the distraction. See Rexroad, 207 Ill. 2d at 46, 796 N.E.2d at 1047 (the plaintiff student fell in a hole because he was distracted by carrying a football helmet the coach of the defendant school had ordered him to bring); Ward, 136 Ill. 2d at 157, 554 N.E.2d at 234 (the defendant sold the plaintiff a large mirror that obscured his view of a concrete post outside the store).

Defendants here did not order plaintiff to carry groceries to or from her apartment, nor did they sell her the groceries that caused the claimed distraction. Thus, it cannot be said that defendants "created, contributed to, or [were] responsible in some way for the distraction which diverted the plaintiff's attention from the open and obvious condition." Sandoval, 357 Ill. App. 3d at 1030, 830 N.E.2d at 729. Plaintiff knew of the peril presented and voluntarily engaged in conduct resulting in a distraction. Defendants cannot be held liable for plaintiff's choice. See Sandoval, 357 Ill. App. 3d at 1031, 830 N.E.2d at 730 ("defendant owed no duty to plaintiff to warn or otherwise safeguard her from potential harm posed by the open and obvious sidewalk defect in front of her home, where her injury resulted not from a distraction that could be reasonably anticipated by defendant but, instead, was the result of her own inattentiveness in not looking forward

where she was walking").

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.