# Illinois Official Reports

## Appellate Court

*Hart v. Century 21 Windsor Realty*, 2014 IL App (3d) 130667

| | |
|---|---|
| Appellate Court Caption | JAMES HART, Plaintiff-Appellant, v. CENTURY 21 WINDSOR REALTY, ALLIANCE REALTY, INC., and KIM CAMERON, Individually and d/b/a Cameron Property Preservation, Defendants-Appellees. |
| District & No. | Third District<br>Docket No. 3-13-0667 |
| Filed | July 16, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the injuries plaintiff suffered when the basement staircase collapsed in a house he was viewing with a real estate agent from defendant real estate agency, which had the house listed for sale, the trial court properly entered summary judgment for the agency, since the agency had no contractual obligation under the "Master Listing Agreement" to inspect the property for structural defects in order to protect prospective purchasers from injury. |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 12-L-59; the Hon. Troy D. Holland, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Thomas M. Strow and Amelia A. Schwingle (argued), both of Law Offices of Peter F. Ferracuti, P.C., of Ottawa, for appellant.

Raymond P. Fabricius (argued), of Fabricius, Koenig & Lindig, of Ottawa, for appellees.

Panel

JUSTICE WRIGHT delivered the judgment of the court, with opinion. Justices McDade and Schmidt concurred in the judgment and opinion.

## OPINION

¶ 1      On July 5, 2011, Century 21's real estate agent was showing plaintiff a property, subject to a listing agreement between Century 21 and the owner. During the showing, plaintiff was injured while walking down a basement staircase that collapsed. Plaintiff filed a complaint alleging negligence against multiple defendants, including Century 21, the owner's real estate agent. The trial court granted summary judgment in favor of Century 21 after finding the listing agreement between the property owner and Century 21 did not create a contractual duty for Century 21 to inspect the premises for safety hazards to protect potential buyers. On appeal, plaintiff contends summary judgment was not proper because of genuine issues of material fact related to Century 21's duty to inspect the property for safety hazards. We affirm.

¶ 2                                         FACTS

¶ 3      Plaintiff, James Hart, filed a two-count "First Amended Complaint" against multiple defendants, including Century 21 Windsor Realty, Alliance Realty, Inc., and Kim Cameron, individually and d/b/a Cameron Property Preservation, directing only count I, alleging negligence, against Century 21.[1] Count I alleged Century 21 "possessed, operated, managed, maintained, and controlled or had a duty to possess, operate, manage, maintain, and control" the property located at 3 Saratoga Street in Streator, Illinois. According to plaintiff's complaint, on July 5, 2011, Century 21's agent was showing the property to plaintiff, a prospective buyer. As plaintiff attempted to descend the basement stairs, the stairs collapsed. Plaintiff suffered injuries to his back, legs, arms, and elbows as a result of the fall.

¶ 4      Plaintiff's complaint alleged:

     "[Century 21] committed one or more of the following careless and negligent acts and/or omissions:

         a) Allowed and permitted a potential buyer to be exposed to an unsafe condition.

         b) Failed to properly and adequately inspect property for safety before allowing

---

[1]Although plaintiff's complaint names Century 21 Windsor Realty and Alliance Realty as two separate defendants, the pleadings reveal Alliance Realty, Inc. does business as Century 21 Windsor Realty. Therefore, we will refer to Alliance Realty, Inc., d/b/a Century 21 Windsor Realty as "Century 21" throughout this opinion.

potential buyers on the property.

  c) Failed to make a reasonable inspection of the aforesaid premises, when the Defendants knew or should have known that said inspection was necessary to prevent injury to the Plaintiff.

  d) Failed to warn the Plaintiff of the dangerous condition of said property, or in the exercise of ordinary care should have shown, that said warning was necessary to prevent injury to the Plaintiff.

  e) Improperly operated, managed, maintained, and controlled the aforesaid premises, such that as a direct and proximate result thereof, the Plaintiff was injured."

¶ 5 On March 15, 2013, Century 21 filed a motion for summary judgment asserting Century 21, acting as the listing agent for the property owner, did not have a duty to inspect the property for safety hazards. Century 21 argued this "duty belonged to Cameron Property Preservation," the company hired by Fannie Mae, the property owner, to clean, inspect, and repair the property. Further, Century 21 claimed it did not have reason to know of the hazardous condition of the stairs prior to the accident.

¶ 6 In support of the motion for summary judgment, Century 21 attached the deposition transcript of Greg Cameron, a former employee of Cameron Property Preservation. Cameron testified he visually inspected the basement staircase on April 15, 2011, and found no defects, after walking up and down the staircase several times that day.

¶ 7 Century 21 attached the "Fannie Mae Broker/Asset Manager Responsibilities" and Fannie Mae's "Broker Signoff Checklist" as an exhibit to its request for summary judgment. Pursuant to the "Broker Signoff Checklist," Century 21 was responsible for cleaning and wiping down ceiling fan blades, sinks, appliances, floors, walls, baseboards, light fixtures, and windows.

¶ 8 On May 21, 2013, plaintiff filed a response to Century 21's motion for summary judgment along with the deposition testimony of Bette Pearlman, the owner of Century 21. Pearlman's testimony included her statement that she believed it was her responsibility to ascertain whether there was a safety issue on the property. In addition, plaintiff included a copy of the "Master Listing Agreement" between Fannie Mae and Century 21, section (4)(G)(1)(e) of which provided:

  "(e) *Health and Safety*. Broker [Century 21] agrees to take prudent action in an emergency to protect each Property and notify Seller [Fannie Mae] immediately of the emergency. Broker agrees to take all appropriate precautions to ensure the health and safety of Broker, Broker Personnel and Vendors. Broker must use reasonable judgment in dealing with any issues that give cause for concerns including risks related to physical damage to the Property, criminal activity and environmental concerns, including discoloration and hazardous substances. Broker must not enter the Property if Broker believes that doing so will pose a health or safety risk."

¶ 9 On July 29, 2013, the trial court heard arguments on Century 21's motion for summary judgment and took the matter under advisement. On August 23, 2013, the trial court entered its written "Opinion and Order."

¶ 10 The trial court found Century 21 "had no interest in the ownership, operation, maintenance or control of the premises except to the extent provided by the listing agreement." The trial court considered the language of section (4)(G)(1)(e) of the "Master Listing Agreement" between Century 21 and Fannie Mae and found the listing agreement did not create a

contractual duty for Century 21 to inspect the basement staircase for hazards to potential buyers.

¶ 11    Citing *Musser v. Libertyville Realty Ass'n*, 44 Ill. App. 3d 195 (1976), the trial court determined Century 21 was not paid to inspect the premises and did not have an independent duty to do so. The court observed that in the absence of contractual language placing the burden of performing structural inspections on listing real estate brokers, like Century 21, the court was unwilling to impose such a duty on a broker that would be both substantial and unreasonable. Based on the pleadings and attached exhibits, the court found there was no disputed evidence suggesting Century 21 had actual notice of the structural instability of the staircase prior to the date of this occurrence. The court granted Century 21's motion for summary judgment, dismissed count I of plaintiff's complaint with prejudice, and included Rule 304(a) language in its order. Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). Plaintiff appeals.

¶ 12                                    ANALYSIS

¶ 13    On appeal, plaintiff contends the trial court erred when it granted summary judgment in favor of Century 21 because genuine issues of material fact exist concerning Century 21's duty to inspect the property. Century 21 responds the trial court properly granted summary judgment as a matter of law because the pleadings reveal no genuine issue of material fact and the contract language controls the outcome in this case.

¶ 14    Summary judgment is appropriate when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Rexroad v. City of Springfield*, 207 Ill. 2d 33, 38-39 (2003). This court reviews *de novo* the trial court's order granting summary judgment. *Lake v. Related Management Co.*, 403 Ill. App. 3d 409, 411 (2010). When reviewing a grant of summary judgment, this court should construe the pleadings, depositions, admissions, and affidavits strictly against the moving party and liberally in favor of the nonmoving party. *Turner v. Northern Illinois Gas Co.*, 401 Ill. App. 3d 698, 705 (2010). The construction of undisputed contractual language is also a matter to be determined by the court as a question of law and amenable to a motion for summary judgment. *Premier Title Co. v. Donahue*, 328 Ill. App. 3d 161, 164 (2002).

¶ 15    In an action for negligence, the plaintiff must set out sufficient facts establishing the existence of a duty owed by defendant to plaintiff, a breach of that duty, and an injury proximately resulting from the breach. *Turner*, 401 Ill. App. 3d at 704. Unless plaintiff can demonstrate the existence of defendant's duty to plaintiff, plaintiff cannot recover for injuries as a matter of law and summary judgment in favor of defendant is proper. *Id.* at 705.

¶ 16    In the case at bar, plaintiff claims the language of the "Master Listing Agreement" created Century 21's duty to plaintiff to inspect the premises for safety hazards. The pleadings demonstrate the parties disagree about the legal interpretation of the undisputed language incorporated into the "Master Listing Agreement" between Fannie Mae and Century 21.

¶ 17    In order to determine what duties, if any, Century 21 owed to plaintiff by contract, we carefully examine the undisputed contractual language of the "Master Listing Agreement." Section (4)(G)(1)(e) of the "Master Listing Agreement" provides:

>     "(e) *Health and Safety*. Broker [Century 21] agrees to take prudent action in an emergency to protect each Property and notify Seller [Fannie Mae] immediately of the

emergency. Broker agrees to take all appropriate precautions to ensure the health and safety of *Broker, Broker Personnel and Vendors*. Broker must use reasonable judgment in dealing with any issues that give cause for     concerns including risks related to physical damage to the Property, criminal activity and environmental concerns, including discoloration and hazardous substances. Broker must not enter the Property if Broker believes that doing so will pose a health or safety risk." (Emphasis added.)

Based on this plain language, we conclude Century 21 had a duty to "take all appropriate precautions to ensure the health and safety of the "*Broker, Broker Personnel and Vendors*" (emphasis added). Here, the parties agreed Century 21 would accept the risk of liability for injuries to this small group of people without accepting liability for injuries to any other person present on the property such as plaintiff, a potential buyer.

¶ 18    The Premises Liability Act provides that the owner of premises has a duty of reasonable care under the circumstances to those persons, including potential buyers, lawfully on the premises. *Kleiber v. Freeport Farm & Fleet, Inc*., 406 Ill. App. 3d 249, 256 (2010); 740 ILCS 130/2 (West 2010). In this case, the parties to the "Master Listing Agreement" could have, but did not, incorporate language expanding Century 21's contractual duty to conduct its own safety inspections to protect all persons lawfully on the seller's property.

¶ 19    According to plaintiff, since Century 21 agreed to assume a duty to inspect for hazards potentially affecting the safety of a small group of persons involved in the real estate business, specifically the broker, the broker's personnel, and vendors, Century 21 had a sufficient proprietary interest to warrant holding Century 21 liable for plaintiff's injuries. Therefore, plaintiff argues, the trial court erroneously relied on *Musser v. Libertyville Realty Ass'n*, 44 Ill. App. 3d 195 (1976), when allowing summary judgment in favor of Century 21.

¶ 20    However, our careful review of the contract language reveals the parties specifically agreed Century 21 did not acquire any proprietary interest in the property by contract. Section (H) of the "Master Listing Agreement" provides that "Broker [Century 21] shall not acquire any ownership or other interest in any of the Properties as a consequence of entering into this Agreement." Hence, plaintiff's argument that the court improperly relied on *Musser* must fail.

¶ 21    Finally, plaintiff argues the deposition testimony of Greg Cameron and Bette Pearlman reveals the existence of disputed material facts concerning Century 21's duty to inspect the premises for hazards to any person lawfully present on the property. We disagree. The language of the contract itself, rather than the perception of these witnesses, controls whether a contractual duty to this plaintiff exists as a matter of law.

¶ 22    We, therefore, conclude Century 21 did not have a contractual obligation to inspect the owner's property, subject to the "Master Listing Agreement," for structural defects in order to protect prospective buyers, such as plaintiff. Further, after carefully reviewing the record, there is no evidence establishing Century 21 had actual knowledge the staircase was unstable. Therefore, we conclude summary judgment in favor of Century 21 was proper as a matter of law.

¶ 23                                          CONCLUSION

¶ 24    For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

¶ 25    Affirmed.