830 N.E.2d 722 (2005)
357 Ill. App.3d 1023
294 Ill.Dec. 310
Catalina SANDOVAL, Plaintiff-Appellant,
v.
The CITY OF CHICAGO, Defendant-Appellee.
No. 1-04-1368.
Appellate Court of Illinois, First District, Sixth Division.
June 3, 2005.
*724 David J. Fitzpatrick & Associates, David J. Fitzpatrick, Chicago, for Appellant.
Corporation Counsel of the City of Chicago, Mara S. Georges, Corporation Counsel; Lawrence Rosenthal, Deputy Corporation Counsel; Benna Ruth Solomon, Chief Assistant Corporation Counsel; Valerie Quinn, Special Assistant Corporation Counsel, Chicago, for Appellee.
Presiding Justice FITZGERALD SMITH delivered the opinion of the court:
Plaintiff Catalina Sandoval (plaintiff) brought suit against defendant City of Chicago (defendant) after she fell in a crater-like defect on a sidewalk. Upon defendant's motion, the trial court granted summary judgment in its favor. Plaintiff appeals, contending that the trial court erred in granting the motion because defendant owed a legal duty to her since it was foreseeable that a person could be distracted from the defect and because the court's order was premised on "unsupportable issues" not "sustainable for purposes of *725 summary judgment." She asks that we reverse the trial court's decision and remand this cause for further proceedings. We affirm.

BACKGROUND
The following facts have been adduced from plaintiff's complaint at law sounding in negligence and her deposition, as they appear in the record on review.
Plaintiff testified that on October 9, 2001, she was caring for her neighbor's young son at her home at 1830 West Erie Street in Chicago. At approximately 11 a.m., she took the child outside in front of her home near a parkway. As plaintiff was clearing leaves and trash from the area, the child walked away from her and towards her house. When she no longer saw the child, she became "concerned" that he may have wandered toward her yard and "afraid" that he would attempt to descend some stairs in the back of her house. She began walking toward her house and yard to find him when her left foot became wedged against a three- to four-inch-high elevation or "island" within a crater-like defect in the sidewalk in front of her home; plaintiff fell and fractured her left ankle.
Plaintiff testified that the sidewalk defect had been in the same location in front of her home for some four years before the accident, originating from what she believed to be an occasion when defendant removed an old tree from her street and planted a new one. The defect was in a five-by-six-foot square of the sidewalk with most of the concrete missing; the dirt underneath was exposed and in a mostly flat condition, except for the concrete island protruding from the dirt surface. Plaintiff stated that she had called her alderman about the defect one time before the accident, in May or June 2000. She had walked by the defect "millions of times" before the accident and admitted that she was aware of the condition on the day of the accident. Plaintiff further testified that at the time of the accident, nothing obstructed her view of the sidewalk where she fell, she saw nothing unusual about her surroundings and nothing was distracting her. She was standing near the defect the last time she saw the child as he was heading for the gate to her home; she was looking toward the gate when she fell.
Defendant moved for summary judgment, stating that it did not owe plaintiff a duty of care because the condition of the sidewalk was open and obvious. Plaintiff responded by alleging that defendant caused the defect two years earlier when it removed a tree and that the distraction exception applied to impose a duty. Defendant replied that it did not create the defect and, regardless, this was irrelevant to its assertion that the condition was open and obvious. The trial court granted defendant's motion for summary judgment; in so holding, the court commented that plaintiff presented no evidence that defendant created the defect, that it was aware of the defect or, plaintiff having admitted the defect was open and obvious, that it should have reasonably foreseen she would have become distracted and failed to appreciate the defect.
Plaintiff filed a "Motion for Rehearing" (i.e., a motion to reconsider), claiming that the court used improper bases for its decision, namely, that defendant's argument that it had not created the defect was raised for the first time only in its reply to her response to its motion for summary judgment and that the issue of whether defendant was aware of the defect was never addressed by the parties. The trial court denied plaintiff's motion, providing clarification of its prior order. The court stated that it had not based its grant of *726 summary judgment in favor of defendant on the "argument" of whether defendant had created the defect or had notice but, rather, the court's mention of these concepts was simply "in addition to" the lack of evidence that defendant was aware of the defect, the lack of evidence that defendant should have reasonably foreseen plaintiff would have been distracted, and plaintiff's "own admission that the defect was open and obvious" (bold in original). The court noted that its comments had comprised merely a discussion of "various avenues of liability" and, essentially, were "irrelevant." The court clarified that, ultimately, the legal concept "upon which the ruling was based was that the defect was open and obvious and there was no evidence that [plaintiff] was distracted or any evidence that [defendant] should have reasonably foreseen that [she] would have become distracted."

ANALYSIS
On appeal, plaintiff restates her claims of error against the trial court's grant of summary judgment. Specifically, she asserts that summary judgment was improper for two prime reasons: substantively, because the distraction exception to the open and obvious condition rule applies thereby imposing a duty of care upon defendant with respect to the sidewalk, and procedurally, because the decision below was premised upon the "unsupportable issues" of creation (raised late by defendant) and notice (unaddressed by the parties below). Defendant counters that no legal exception applies to otherwise impose a duty in this situation and further argues that, as the trial court pointed out, creation and notice are irrelevant to this cause. We agree with defendant.
We first address plaintiff's substantive argument. In order to sustain her cause of action for negligence, plaintiff must establish that defendant owed her a duty of care; that is, she is required to prove that she and defendant stood in such a relationship to one another that the law imposed upon defendant an obligation of reasonable conduct for the benefit of plaintiff. See Bonner v. City of Chicago, 334 Ill.App.3d 481, 483, 268 Ill.Dec. 299, 778 N.E.2d 285 (2002) (listing elements of negligence claim, all of which must be proven in order to impose liability); see also Kirk v. Michael Reese Hospital & Medical Center, 117 Ill.2d 507, 525, Ill.Dec. 944, 513 N.E.2d 387 (1987). Whether a duty of care exists is a question of law, appropriately determined by the trial court on a motion for summary judgment. See Bonner, 334 Ill.App.3d at 483, 268 Ill.Dec. 299, 778 N.E.2d 285; accord Curatola v. Village of Niles, 154 Ill.2d 201, 207, 181 Ill.Dec. 631, 608 N.E.2d 882 (1993).
Summary judgment is proper when the pleadings, affidavits, depositions and admissions of record, construed strictly against the moving party, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Morris v. Margulis, 197 Ill.2d 28, 35, 257 Ill.Dec. 656, 754 N.E.2d 314 (2001); accord Purtill v. Hess, 111 Ill.2d 229, 240-44, 95 Ill.Dec. 305, 489 N.E.2d 867 (1986). While this relief has been called a "drastic measure," it is an appropriate tool to employ in the expeditious disposition of a lawsuit in which "`the right of the moving party is clear and free from doubt.'" Morris, 197 Ill.2d at 35, 257 Ill.Dec. 656, 754 N.E.2d 314, quoting Purtill, 111 Ill.2d at 240, 95 Ill.Dec. 305, 489 N.E.2d 867. Appellate review of a trial court's grant of summary judgment is de novo (see Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill.2d 90, 102, 180 Ill.Dec. 691, 607 N.E.2d 1204 (1992)), and reversal will occur only if we find that a genuine issue of *727 material fact exists (see Addison v. Whittenberg, 124 Ill.2d 287, 294, 124 Ill.Dec. 571, 529 N.E.2d 552 (1988)).
Unless plaintiff demonstrates that a duty is owed, there can be no negligence imposed upon defendant. See American National Bank & Trust Co. of Chicago v. National Advertising Co., 149 Ill.2d 14, 26, 171 Ill.Dec. 461, 594 N.E.2d 313 (1992). The factors that must be considered in determining whether a duty exists are: (1) the foreseeability that defendant's conduct will result in injury to another; (2) the likelihood of injury; (3) the magnitude of guarding against it; and (4) the consequences of placing that burden upon defendant. See Bonner, 334 Ill.App.3d at 484, 268 Ill.Dec. 299, 778 N.E.2d 285, citing Curatola, 154 Ill.2d at 214, 181 Ill.Dec. 631, 608 N.E.2d 882; accord Sollami v. Eaton, 201 Ill.2d 1, 17, 265 Ill.Dec. 177, 772 N.E.2d 215 (2002).
With respect to the first factor, namely, the reasonable foreseeability of injury, we note that Illinois law holds that persons or entities who own or control land are not required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious. See Bucheleres v. Chicago Park District, 171 Ill.2d 435, 447, 216 Ill.Dec. 568, 665 N.E.2d 826 (1996); accord Bonner, 334 Ill.App.3d at 484, 268 Ill.Dec. 299, 778 N.E.2d 285. "Open and obvious" conditions include those wherein the condition and risk are apparent to and would be recognized by a reasonable person exercising ordinary perception, intelligence and judgment in visiting an area. See Bonner, 334 Ill.App.3d at 484, 268 Ill.Dec. 299, 778 N.E.2d 285. Thus, the determination of whether the condition is open and obvious depends not on plaintiff's subjective knowledge but, rather, on the objective knowledge of a reasonable person confronted with the same condition. See Bonner, 334 Ill.App.3d at 484, 268 Ill.Dec. 299, 778 N.E.2d 285. This is because property owners are entitled to the expectation that those who enter upon their property will exercise reasonable care for their own safety. See Bonner, 334 Ill.App.3d at 485, 268 Ill.Dec. 299, 778 N.E.2d 285; accord Bucheleres, 171 Ill.2d at 448, 216 Ill.Dec. 568, 665 N.E.2d 826 ("people are expected to appreciate and avoid obvious risks"). Accordingly, no duty to warn or protect may be imposed upon a defendant where the danger is open and obvious. See Sollami, 201 Ill.2d at 7, 265 Ill.Dec. 177, 772 N.E.2d 215.
We recognize that this general rule is not an automatic or per se bar in every situation to the finding of a legal duty to warn or protect, and that exceptions do existin "limited" forms. See Sollami, 201 Ill.2d at 15-16, 265 Ill.Dec. 177, 772 N.E.2d 215; Bucheleres, 171 Ill.2d at 449, 216 Ill.Dec. 568, 665 N.E.2d 826; see also Bonner, 334 Ill.App.3d at 484, 268 Ill.Dec. 299, 778 N.E.2d 285. The exception plaintiff claims is applicable in the instant case is the "distraction exception," wherein a defendant-property owner owes a duty of care, despite an open and obvious condition, if he has reason to expect that the plaintiff-invitee's attention might be distracted so that she would not discover, or may forget that she had previously discovered, the obvious condition. See Bucheleres, 171 Ill.2d at 451-52, 216 Ill.Dec. 568, 665 N.E.2d 826. Cases applying this exception involve situations in which the injured plaintiff was distracted from the open and obvious condition because circumstances required that she focus her attention on some other condition or hazard. See True v. Greenwood Manor West, Inc., 316 Ill.App.3d 676, 680, 250 Ill.Dec. 51, 737 N.E.2d 673 (2000). The defendant is not required to anticipate the specific plaintiff's own negligence or make his *728 premises injury-proof. See Bonner, 334 Ill.App.3d at 485, 268 Ill.Dec. 299, 778 N.E.2d 285. However, if it is reasonable for the defendant to anticipate injury to an invitee who is otherwise exercising general care for her safety but may reasonably be expected to be distracted to an obvious condition on the premises, then a duty is owed. See Bonner, 334 Ill.App.3d at 484-85, 268 Ill.Dec. 299, 778 N.E.2d 285 (key inquiry is whether it was reasonably foreseeable that invitee would be distracted from obvious condition; if so, exception applies and property owner had duty to warn or protect); accord Bucheleres, 171 Ill.2d at 451-52, 216 Ill.Dec. 568, 665 N.E.2d 826, (property owner has no duty to warn or protect against open and obvious condition, unless he should anticipate the harm despite such obviousness due to invitee's distracted attention).
In the instant case, we find that the general rule with respect to open and obvious conditions applies and, thus, that defendant was not required to warn plaintiff of the risk posed by the sidewalk defect, nor to protect her against injury from this condition. From our review of the record, which contains descriptions and photographs of the area in question, it is clear that the defect was a condition of open and obvious danger. The large five-by-six-foot section of the sidewalk was missing most of its concrete surface, and the dirt underneath was exposed. While the dirt comprised a level surface, a big chunk of concrete remained, sticking upright some three to four inches from the dirt. Being confronted with these circumstances, any reasonable person exercising ordinary care in visiting this area would recognize and appreciate the risk involved in traversing this portion of the sidewalk and, specifically, the changes in elevation. Accordingly, we find that the condition was undeniably open and obvious.
Plaintiff argues that the distraction exception applies, citing the assertion that it was reasonably foreseeable to defendant that she would be distracted by her maintenance of "child safety," i.e., her babysitting responsibilities for the young child in her care at the time. However, we fail to see how this merits the application of the distraction exception. Plaintiff testified that this particular sidewalk defect had existed right outside of her own home for some four years prior to the accident. She stated that she had walked by it "millions of times," and she knew it was there on the day of the accident; she was fully aware of the missing concrete, of the exposed dirt, and most importantly, of the elevated "island" in this slab of sidewalk. In addition to agreeing that the condition was open and obvious, plaintiff specifically admitted that at the precise time of the accident, nothing obstructed her view of the sidewalk, nothing was unusual about her surroundings and, significantly, nothing was distracting her.
From this testimony, it is clear that plaintiff failed to present evidence to show she was distracted at the time of her fall. Rather, the opposite conclusion is evident: plaintiff was more than familiar with the sidewalk defect, she consciously and deliberately was walking in that area at the time of the accident, and she was focused on looking for the child in her care rather than where she was walking. There is nothing to indicate that her view was obstructed, that any other condition or hazard existed in the area which would have diverted her attention, or that she had forgotten that the defect was present. By her own admission, when plaintiff stepped into the defect, her attention was focused on her concern for the child. Thus, it cannot be said that she was distracted while on the sidewalk from the open and obvious danger posed by the defect which *729 allegedly caused her fall. Therefore, we conclude that defendant could not have reasonably foreseen that plaintiff would be distracted as she walked on the sidewalk.
Plaintiff relies heavily on Rexroad v. City of Springfield, 207 Ill.2d 33, 277 Ill.Dec. 674, 796 N.E.2d 1040 (2003), which reaffirmed the viability of the distraction exception as expressed in Ward v. K mart Corp., 136 Ill.2d 132, 143 Ill.Dec. 288, 554 N.E.2d 223 (1990). In Rexroad, a student working for the defendant-school's football team broke his ankle when he stepped in a hole under excavation in the school's parking lot while retrieving a helmet for a player at the command of the team coach. Our supreme court reversed a finding of summary judgment for the defendants, concluding that while the condition of the parking lot was open and obvious, the distraction exception applied, as the plaintiff's attention was focused on carrying the helmet to the player who needed it upon the coach's orders. See Rexroad, 207 Ill.2d at 46, 277 Ill.Dec. 674, 796 N.E.2d 1040.
However, we note that primarily, in those instances where our courts have applied the distraction exception to impose a duty upon a landowner, it is clear that the landowner created, contributed to, or was responsible in some way for the distraction which diverted the plaintiff's attention from the open and obvious condition and, thus, was charged with reasonable foreseeability that an injury might occur. See American National Bank, 149 Ill.2d at 29, 171 Ill.Dec. 461, 594 N.E.2d 313 (reasonably foreseeable to defendant-billboard lessees that painter would be distracted from billboard power lines while watching where he walked on billboard railing and, thus, that he could be injured); Deibert v. Bauer Brothers Construction Co., 141 Ill.2d 430, 438-39, 152 Ill.Dec. 552, 566 N.E.2d 239 (1990) (where common practice was for workers to throw debris from balcony under which portable toilet was located, defendant-contractor owed duty to worker despite open and obvious condition of rut in ground where worker was distracted by looking up for debris when exiting toilet because reasonably foreseeable that injury could occur); Ward, 136 Ill.2d at 156, 143 Ill.Dec. 288, 554 N.E.2d 223 (injury reasonably foreseeable where defendant-store placed a post right outside doors to be accessed by customers focused on carrying large and bulky items); Clifford v. Wharton Business Group, L.L.C., 353 Ill.App.3d 34, 45-46, 288 Ill.Dec. 557, 817 N.E.2d 1207 (2004) (it was reasonably foreseeable to contractor that worker would be distracted from and injured by opening in floor near area where he was assigned to work on contractor's project). Specifically in Rexroad, the court clearly noted that the student's attention was diverted to the otherwise open and obvious condition of the hole in the parking lot by the fact that his coach, i.e., defendant-school, had ordered him to retrieve a helmet for another player. This makes Rexroad and its progeny distinguishable.
In contrast, the instant occurrence more aptly falls within the line of cases which reinforces that when a plaintiff's attention is diverted by her own independent acts for which the defendant has no direct responsibility, the distraction exception does not apply. See Prostran v. City of Chicago, 349 Ill.App.3d 81, 88, 285 Ill.Dec. 123, 811 N.E.2d 364 (2004) (where the plaintiff knew of the defective condition of the sidewalk but chose to walk upon it, distraction exception did not apply); Bonner, 334 Ill.App.3d at 486, 268 Ill.Dec. 299, 778 N.E.2d 285 (because defendant-city "did not create or contribute to" the condition that allegedly caused the plaintiff to become "distracted" and fall upon lamppost stump in sidewalk, distraction exception did not apply); Richardson v. *730 Vaughn, 251 Ill.App.3d 403, 409-10, 190 Ill.Dec. 643, 622 N.E.2d 53 (1993) (distraction exception did not save the plaintiff's claim against defendant-athletic club where he tripped over cable while running full speed and looking at people with water balloons, rather than looking forward). It is precisely this personal inattentiveness which bars a plaintiff from asserting that a landowner must anticipate that she might become "distracted" to an open and obvious condition. See Richardson, 251 Ill.App.3d at 410, 190 Ill.Dec. 643, 622 N.E.2d 53; see also Bonner, 334 Ill.App.3d at 486, 268 Ill.Dec. 299, 778 N.E.2d 285. Again, a landowner cannot be held liable for the "impossible burden" of rendering its premises injury-proof and is instead entitled to the expectation that its patrons will exercise reasonable care for their own safety and will not blind themselves to the probable consequences of their own actions. Richardson, 251 Ill.App.3d at 408-09, 190 Ill.Dec. 643, 622 N.E.2d 53.
Here, plaintiff admitted that her attention became diverted from the sidewalk only by her concern for the child she was supposed to be watching who walked out of her line of sight, and by her fear that he may approach a set of stairs in her yard. She testified that she was not looking at the ground where she was walking but, rather, at her gate and yard. Defendant in no way was responsible for, contributed to, or created this situation, which began when plaintiff brought the child outside to the parkway. Accordingly, we find that defendant owed no duty to plaintiff to warn or otherwise safeguard her from potential harm posed by the open and obvious sidewalk defect in front of her home, where her injury resulted not from a distraction that could be reasonably anticipated by defendant but, instead, was the result of her own inattentiveness in not looking forward where she was walking. See, e.g., Richardson, 251 Ill.App.3d at 410, 190 Ill.Dec. 643, 622 N.E.2d 53; Bonner, 334 Ill.App.3d at 486, 268 Ill.Dec. 299, 778 N.E.2d 285. Having found no duty, our substantive discussion ends here. See Richardson, 251 Ill.App.3d at 410, 190 Ill.Dec. 643, 622 N.E.2d 53; see also American National Bank, 149 Ill.2d at 26, 171 Ill.Dec. 461, 594 N.E.2d 313.
Turning briefly to plaintiff's remaining arguments, we find that the trial court did not err procedurally in granting summary judgment to defendant. Plaintiff asserts that the trial court premised its decision on the "unsupportable issues" of creation of the defect and notice, having held that defendant did not create the defect and had no notice of it. Plaintiff claims that the evidence presented clearly demonstrated defendant did indeed create the defect (i.e., by removing a tree) and had notice of it (she called her alderman), and, thus, the court erred in relying on these bases in ruling for defendant.
However, creation and notice were not issues upon which the trial relied in granting summary judgment in this cause. Examining its initial ruling, the court did mention these concepts and the lack of evidence plaintiff provided to support her assertions regarding them. Yet, the court concluded its order by stating that plaintiff admitted the sidewalk defect was an open and obvious condition and holding that defendant could not have reasonably foreseen that she would have become distracted in the manner in which she alleged, thereby absolving defendant of any duty and, consequently, of liability. In conjunction with this, in its second order reaffirming summary judgment for defendant, the court made clear that while it had previously mentioned creation and notice, neither was the basis of its ruling. Rather, the court specifically stated that it had simply noted these concepts as "various *731 avenues" of liability "in addition to" the precise "one upon which [its] ruling was based," namely, "that the defect was open and obvious and there was no evidence that [plaintiff] was distracted or any evidence the [defendant] should have reasonably foreseen that [she] would have become distracted." (Bold in original.)
Moreover, we agree with the trial court that, ultimately, whether defendant created the defect or had notice of it is an immaterial concept to this cause. The primary focus of this appeal is whether the sidewalk defect was an open and obvious condition and whether defendant should have reasonably foreseen that plaintiff's concern or fear over a child in her care would distract her from it. Since plaintiff admitted the defect was open and obvious, and since we have concluded that the "distraction" was not a reasonably foreseeable one for defendant, creation and notice attributable to it are irrelevant, and there is no reason to discuss them further.

CONCLUSION
Accordingly, for all the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of defendant.
Affirmed.
TULLY and FROSSARD, JJ., concur.