# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***Park v. Northeast Illinois Regional Commuter R.R. Corp.*, 2011 IL App (1st) 101283**

---

| | |
|---|---|
| Appellate Court Caption | JEUNG-HEE PARK, Individually, and as Special Administrator of the Estate of Hiroyuki Joho, Deceased, Plaintiff-Appellant, v. NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, a Corporation, SOO LINE RAILROAD COMPANY, d/b/a Canadian Pacific Railway, a Foreign Corporation, Defendants-Appellees. |
| District & No. | First District, Sixth Division<br>Docket No. 1-10-1283 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | September 30, 2011<br><br>October 20, 2011<br>November 4, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly granted defendants' motion to dismiss plaintiff's fifth amended complaint after finding plaintiff failed to state a cause of action for negligence because defendants owed no duty to warn decedent of the open and obvious danger posed by a moving train. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-L-10762; the Hon. Thomas P. Quinn, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Patrick J. Condron, of Susan E. Loggans & Associates, P.C., and Keith
L. Davidson, of Law Offices of Keith L. Davidson, both of Chicago, for
appellant.

Judge, James & Kujawa, LLC, of Park Ridge (Jay S. Judge, Thomas N.
Osran, and Deborah A. Ostvig, of counsel), for appellees.

Panel

JUSTICE CAHILL delivered the judgment of the court, with opinion.
Justices McBride and Garcia concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff Jeung-Hee Park appeals the dismissal of her fifth amended complaint against defendants Northeast Illinois Regional Commuter Railroad Corporation (Metra) and Soo Line Railroad Company, doing business as Canadian Pacific Railway (Canadian Pacific). We affirm.

¶ 2    Plaintiff brought this negligence action on behalf of her son, Hiroyuki Joho (Hiroyuki), who was struck and killed by an Amtrak train as he crossed the railroad tracks at Edgebrook train station in Chicago. The trial court granted defendants' motions to dismiss plaintiff's claims against them under sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2006)).

¶ 3    The facts, as alleged in plaintiff's fifth amended complaint, are as follows. About 7:50 a.m. on September 13, 2008, plaintiff drove Hiroyuki to Edgebrook train station located on Metra's Milwaukee district line. The Milwaukee district line is comprised of two parallel railroad tracks. A passenger platform borders each track. The tracks are used by both Metra and Amtrak trains. Amtrak trains do not stop at the Edgebrook station. There are no signs posted at the station warning passengers that Amtrak trains operate on the Milwaukee District line and pass through the station without stopping.

¶ 4    On the date in question, Hiroyuki intended to board Metra's Chicago-bound commuter train number 2602. The train was scheduled to arrive at Edgebrook station at 7:50 a.m. but was delayed. Because of the delay, Amtrak train number 330 had executed a crossover maneuver. As a result of the crossover, the Amtrak train approached Edgebrook station about the time the Metra train was scheduled to arrive at the station. The crossover maneuver was guided by Canadian Pacific, which was responsible for rail traffic control on the Milwaukee district line. Canadian Pacific at that time was not required to notify Metra when an Amtrak train was approaching or passing through Edgebrook station.

¶ 5    Hiroyuki entered Edgebrook station on the east passenger platform. A line of bushes and trees obstructed Hiroyuki's ability to see the approaching Amtrak train until he was on the platform. Because the west platform at the Edgebrook station is ordinarily used by

-2-

passengers to board Chicago-bound trains, Hiroyuki attempted to cross the tracks at a designated pedestrian railroad crossing. There were no audible or visual warning devices or a crossing gate at the pedestrian crossing to warn passengers of approaching trains. There were audible and visual warning devices at the alternative railroad crossing near Devon Avenue located about 100 yards south of the pedestrian crossing. Metra did not announce the approach of the Amtrak train on the loudspeakers located along both passenger platforms. Plaintiff alleged that as Hiroyuki crossed the tracks, he was aware of the approaching Amtrak train but believed it to be the Metra train he intended to board. Plaintiff claimed the light, sound and appearance of the Amtrak train were inadequate to dissuade Hiroyuki of his assumption that the approaching train was Metra train number 2602 which was scheduled to stop at Edgebrook station. The Amtrak train passed through the station at about 70 miles per hour, striking and killing Hiroyuki.

¶ 6    Plaintiff filed a three-count complaint against Metra and Canadian Pacific. Counts I and II were directed against Metra. Count I alleged that Metra willfully and wantonly breached its duty to maintain its property at Edgebrook station in a reasonably safe condition. Count II sounds in common law negligence and alleged Metra negligently breached its duty to maintain its property at Edgebrook station in a reasonably safe condition. The factual allegations in support of each count are identical. Plaintiff alleged that Edgebrook station was unsafe because Metra failed to: (1) install visual or audible warning devices on the pedestrian railroad crossing; (2) install a crossing gate at the crossing; (3) announce the approach of the Amtrak train on the loudspeakers located along the passenger platforms; (4) require its engineers, Amtrak engineers or Canadian Pacific to notify Metra an Amtrak train was approaching the station; (5) take measures to assure that rail traffic control exercised by Canadian Pacific was not dangerous to the safety of passengers; (6) adequately warn passengers of the open and obvious danger of trains; and (7) remove foliage lining the east passenger platform.

¶ 7    Count III was directed against Canadian Pacific and sounds in common law negligence. Count III alleged Canadian Pacific was negligent for failing to adopt and adhere to a policy of notifying Metra when Amtrak trains were approaching and passing through Edgebrook station. Plaintiff claimed that Canadian Pacific's omission to adhere to such a policy directly and proximately resulted in the accident.

¶ 8    Metra moved to dismiss counts I and II under sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2006)). In its section 2-615 motion to dismiss, Metra argued that it had no duty to make public improvements on its property or warn Hiroyuki of the open and obvious danger of a train on a railroad track. In its section 2-619 motion, Metra argued that under section 3-104 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3-104 (West 2006)) it had no duty to install warning devices at Edgebrook station.

¶ 9    Canadian Pacific moved to dismiss count III under section 2-615 of the Code, arguing it had no duty to notify Metra of the Amtrak train or warn Hiroyuki of the open and obvious danger posed by the train. Canadian Pacific also argued that its failure to notify Metra of the Amtrak train was not the proximate cause of the accident. The trial court granted defendants' motions to dismiss, finding that plaintiff failed to state a cause of action for negligence

because defendants owed no duty to warn Hiroyuki of the open and obvious danger posed by a moving train. Plaintiff appeals.

¶ 10 A motion to dismiss under section 2-615 of the Code challenges the legal sufficiency of a complaint for failure to state a cause of action on which relief can be granted. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 267, 798 N.E.2d 75 (2003). A motion to dismiss under section 2-619 of the Code, on the other hand, challenges the complaint based on certain defects or defenses. 735 ILCS 5/2-619 (West 2000). In reviewing the sufficiency of a complaint, we accept as true all well-pled facts and reasonable inferences that may be drawn from those facts. *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 364, 821 N.E.2d 1099 (2004); *Feltmeier*, 207 Ill. 2d at 277. We review the trial court order dismissing plaintiff's complaint under sections 2-615 and 2-619 of the Code *de novo*. See *Feltmeier*, 207 Ill. 2d at 266.

¶ 11 To state a cause of action for negligence a plaintiff must plead: (1) the existence of a duty owed to the plaintiff by the defendant; (2) a breach of that duty; (3) an injury proximately caused by the breach; and (4) damages. *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 194-95, 652 N.E.2d 267 (1995). On appeal, plaintiff claims defendants owed Hiroyuki a duty of ordinary care to guard against injury. Whether a duty exists is determined by asking if the defendant and the plaintiff stood in such a relationship to one another that the law imposed on the "defendant an obligation of reasonable conduct for the benefit of the plaintiff." (Internal quotation marks omitted.) *Bucheleres v. Chicago Park District*, 171 Ill. 2d 435, 445, 665 N.E.2d 826 (1996). Whether defendants owed plaintiff a duty of reasonable care is a question of law for the court. *Bucheleres*, 171 Ill. 2d at 445.

¶ 12 Defendants contend they did not owe Hiroyuki a duty of reasonable care because a train on railroad tracks is an open and obvious condition, the dangerous nature of which Hiroyuki was aware when he attempted to cross the railroad tracks. In Illinois, the open and obvious doctrine is an exception to the general duty of care owed by a landowner. See Restatement (Second) of Torts § 343A(1) (1965) ("A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."); *Sandoval v. City of Chicago*, 357 Ill. App. 3d 1023, 1028, 830 N.E.2d 722 (2005) ("no duty to warn or protect may be imposed upon a defendant where the danger is open and obvious"). When a condition is deemed open and obvious, the likelihood of injury is generally considered slight as it is assumed that people encountering potentially dangerous conditions that are open and obvious will appreciate and avoid the risks. *Bucheleres*, 171 Ill. 2d at 456-57.

¶ 13 The existence of an open or obvious danger is not an automatic bar to finding a legal duty on the part of the landowner. *Huggins v. Village of Bishop Hill*, 294 Ill. App. 3d 466, 471, 690 N.E.2d 656 (1998). Rather, the existence of a duty in the face of a known or obvious condition is subject to the same analysis of a duty as is necessary in every claim of negligence. *Ralls v. Village of Glendale Heights*, 233 Ill. App. 3d 147, 155, 598 N.E.2d 337 (1992). The factors used to determine the existence of a duty include: (1) the likelihood of injury; (2) the reasonable foreseeability of such injury; (3) the magnitude of the burden of guarding against injury; and (4) the consequences of placing that burden on the defendant. *Bucheleres*, 171 Ill. 2d at 456. Our supreme court has held that the open and obvious doctrine

implicates the first two factors: likelihood of injury and foreseeability. *Sollami v. Eaton*, 201 Ill. 2d 1, 15-17 (2002) (citing *Bucheleres*, 171 Ill. 2d at 456).

¶ 14    A condition is open and obvious where a reasonable person in the plaintiff's position exercising ordinary perception, intelligence and judgment would recognize both the condition and the risk involved. *Deibert v. Bauer Brothers Construction Co.*, 141 Ill. 2d 430, 435, 566 N.E.2d 239 (1990); *Green v. Jewel Food Stores, Inc.*, 343 Ill. App. 3d 830, 832, 799 N.E.2d 740 (2003); see also *Sandoval*, 357 Ill. App. 3d at 1028 (whether a condition is open and obvious "depends not on plaintiff's subjective knowledge but, rather, on the objective knowledge of a reasonable person confronted with the same condition. [Citation.] This is because property owners are entitled to the expectation that those who enter upon their property will exercise reasonable care for their own safety.").

¶ 15    If there is no dispute about the physical nature of the condition, the question of whether a condition is open and obvious is a legal one for the court. *Wilfong v. L.J. Dodd Construction*, 401 Ill. App. 3d 1044, 1053, 930 N.E.2d 511 (2010) (citing *Belluomini v. Stratford Green Condominium Ass'n*, 346 Ill. App. 3d 687, 692-93, 805 N.E.2d 701 (2004)). But, "where there is a dispute about the condition's physical nature, such as its visibility, the question of whether a condition is open and obvious is factual." *Wilfong*, 401 Ill. App. 3d at 1053 (citing *Belluomini*, 346 Ill. App. 3d at 693).

¶ 16    Here, the trial court found as a matter of law that the danger presented by an approaching train is open and obvious. Plaintiff contends that the trial court erred in reaching this conclusion because it did not distinguish between the condition, the presence of the train on the railroad tracks, which is open and obvious, and the specific danger posed by the type of train, which in this case was unknown to Hiroyuki. Plaintiff claims that the facts and allegations in the complaint show that the danger created by defendants was not open and obvious to Hiroyuki because they failed to warn him that an Amtrak train was approaching rather than a slower-moving Metra train. Plaintiff maintains that because of defendants' failure to warn of the type of train approaching the station, Hiroyuki misapprehended the risk involved in crossing the tracks.

¶ 17    We believe *Bucheleres* is instructive in resolving this issue. The plaintiff there, a swimmer, was injured when he dove into Lake Michigan from a concrete seawall and hit his head on the bottom of the lake. *Bucheleres*, 171 Ill. 2d at 438. The plaintiff brought suit against the park district, claiming that it failed to adequately warn against and protect persons from the dangers of diving from the seawall into shallow water. *Bucheleres*, 171 Ill. 2d at 439. The park district moved for summary judgment, arguing that it owed no duty to warn the plaintiff because of the open and obvious dangers of diving into a lake without first ascertaining its depth. *Bucheleres*, 171 Ill. 2d at 439. The trial court granted the motion and this court reversed, reasoning that the park district had a duty of reasonable care to warn swimmers of the risks of diving into shallow water. *Bucheleres*, 171 Ill. 2d at 441-42. Our supreme court reversed, finding that the park district had no duty to warn the plaintiff of the danger involved in diving into a natural body of water because such danger was open and obvious. *Bucheleres*, 171 Ill. 2d at 455-56. Our supreme court noted:

"In cases involving obvious and common conditions, such as fire, height, and bodies of

water, the law generally assumes that persons who encounter these conditions will take care to avoid any danger inherent in such condition. The open and obvious nature of the condition itself gives caution and therefore the risk of harm is considered slight; people are expected to appreciate and avoid obvious risks." *Bucheleres*, 171 Ill. 2d at 448.

¶ 18    Here, we find that Metra owed no duty to warn Hiroyuki of the type of train that was approaching the station. We believe that, much like diving into a lake of unknown depth, the danger of stepping in front of a moving train is open and obvious regardless of the kind of train it is. Plaintiff acknowledged as much in her complaint when she alleged that Metra failed to adequately warn of "the hazard presented to the lives and safety of passengers and invitees by any and all trains approaching Metra stations, including the Edgebrook station." The record shows Hiroyuki was aware of the approaching Amtrak train but, believing it to be the Metra train he intended to board, attempted to cross the tracks. We cannot say that Hiroyuki exercised reasonable care for his own safety in choosing to do so. *Sandoval*, 357 Ill. App. 3d at 1028. We believe that a reasonable person in the exercise of "ordinary perception, intelligence and judgment" would have appreciated the danger posed by the train and avoided it, either by yielding or utilizing the alternative railroad crossing at Devon Avenue. (Internal quotation marks omitted.) *Deibert*, 141 Ill. 2d at 435. The trial court did not err in finding as a matter of law that the train and the danger it presented were open and obvious.

¶ 19    We are unpersuaded by plaintiff's argument that Hiroyuki's ability to visually gauge the speed of the Amtrak train was significantly compromised by his "ignorance of the fact that an Amtrak train traveling well in excess of the speed of the Metra train" was approaching the station. As mentioned, the danger of stepping in front of a moving train is open and obvious regardless of the kind of train one chooses to encounter. This aside, whether the condition was open and obvious depended not on Hiroyuki's subjective knowledge but, rather, on the objective knowledge of a reasonable person confronted with the same condition. See *Sandoval*, 357 Ill. App. 3d at 1028.

¶ 20    We are likewise unpersuaded by plaintiff's argument that:

"[t]he complaint affords no basis to conclude that [Hiroyuki] would not have had sufficient time to cross the tracks safely if it had been the Metra commuter train approaching. Thus, the complaint establishes the danger to Hiroyuki was foreseeable to both Metra and [Canadian Pacific], who knew the train was an Amtrak, but was completely unobvious to Hiroyuki himself."

¶ 21    This argument misstates the law regarding Metra's duty to warn Hiroyuki of an open and obvious condition. It is akin to saying that the plaintiff in *Bucheleres* would not have been injured if the lake had been deeper. While this may be true, the danger of diving into a natural body of water, much like stepping in front of a moving train, remains open and obvious. The law generally assumes that persons who encounter open and obvious conditions will take care to avoid the danger inherent in such conditions. *Bucheleres*, 171 Ill. 2d at 448. The danger to Hiroyuki was not foreseeable to Metra because he was expected to appreciate and avoid the danger of stepping in front of a moving train.

¶ 22    There are two limited exceptions to the rule that a defendant has no duty to protect a

plaintiff from an open and obvious condition. *Ward v. K mart Corp.*, 136 Ill. 2d 132, 147, 554 N.E.2d 223 (1990). "[W]hether a possessor of land should guard against harm to the invitee, despite the obviousness of the danger, depends upon whether either the 'distraction exception' or the 'deliberate encounter exception' applies in a given case." *Sollami*, 201 Ill. 2d at 15-16. The distraction exception is relevant here.

¶ 23    Plaintiff contends that both exceptions are applicable here. She claims that at the time Hiroyuki crossed the tracks, his vision was compromised by torrential rainfall and winds, and his umbrella distracted him as he held it up against the storm. She also claims that the foliage on the east side of the passenger platform partially obstructed Hiroyuki's view of the approaching train. Plaintiff maintains that the layout of Edgebrook station combined with the rainy weather were the sources of Hiroyuki's distraction.

¶ 24    Under the distraction exception, a property owner may have a duty to protect if there is a reason to expect that the plaintiff's attention might be distracted so that he would not discover the obvious condition. *Ward*, 136 Ill. 2d at 149-50. The question is "whether [a] defendant should reasonably anticipate injury to those entrants on his premises who are generally exercising reasonable care for their own safety, but may reasonably be expected to be distracted." *Ward*, 136 Ill. 2d at 152. A defendant does not need to anticipate that a plaintiff would blind himself to the probable consequences of his own actions. See *Bonner v. City of Chicago*, 334 Ill. App. 3d 481, 485, 758 N.E.2d 285 (2002) (quoting *Richardson v. Vaughn*, 251 Ill. App. 3d 403, 408, 622 N.E.2d 53 (1993)).

¶ 25    The issue here is whether, as a matter of law, it was foreseeable that Hiroyuki would be distracted from the open and obvious danger of an approaching train due to foliage located near the east passenger platform and inclement weather. We find that it was not. The allegations in plaintiff's fifth amended complaint show that, despite the foliage and weather, Hiroyuki was aware of the approaching train before the accident. There is no evidence that the rain and foliage distracted Hiroyuki such that he forgot about the approaching train. Rather, as argued by plaintiff, it was Hiroyuki's mistaken belief that the approaching train was a Metra train that led Hiroyuki to attempt to cross the tracks. Metra could not reasonably be expected to anticipate this outcome. See *Bonner*, 334 Ill. App. 3d at 485 (defendants do not need to anticipate that a plaintiff would blind himself to the consequences of his own actions). The distraction exception to the rule that there is no duty to protect a plaintiff from an open and obvious condition does not apply.

¶ 26    We likewise find that the deliberate encounter exception does not apply. Under the deliberate encounter exception to the open and obvious rule, a duty is imposed when a defendant has reason to expect that a plaintiff will proceed to encounter the known or obvious condition, despite the danger, because to a reasonable person in his position the advantages of doing so would outweigh the apparent risk. *Prostran v. City of Chicago*, 349 Ill. App. 3d 81, 89, 811 N.E.2d 364 (2004) (quoting Restatement (Second) of Torts § 343A, cmt. f, at 220 (1965)) . Plaintiff has alleged "no indication of any compulsion or impetus under which a reasonable person" in Hiroyuki's position would have disregarded the obvious risk of crossing railroad tracks while a train is approaching. See *Sollami*, 201 Ill. 2d at 17.

¶ 27    The above findings concerning Metra's duty, or lack thereof, apply with equal force to

Canadian Pacific. Plaintiff has failed to state a cause of action for negligence because defendants owed no duty to warn Hiroyuki of the open and obvious danger posed by a moving train. Given our resolution of this issue, we need not address plaintiff's argument of whether defendants are immune from liability under section 3-104 of the Tort Immunity Act (745 ILCS 10/3-104 (West 2006)).

¶ 28      The judgment of the circuit court is affirmed.

¶ 29      Affirmed.