2016 IL App (1st) 143432

THIRD DIVISION
May 25, 2016

No. 1-14-3432

MELANIE NEGRON,                              )        Appeal from the
                                             )        Circuit Court of
            Plaintiff-Appellant,             )        Cook County, Illinois.
                                             )
v.                                           )        No. 11 L 005651
                                             )
THE CITY OF CHICAGO,                         )        Honorable
                                             )        William E. Gomolinski,
            Defendant-Appellee.              )        Judge Presiding.

PRESIDING JUSTICE MASON delivered the judgment of the court, with opinion.
Justices Fitzgerald Smith and Lavin concurred in the judgment and opinion.

**OPINION**

¶ 1        This case arises out of a slip-and-fall incident that occurred as plaintiff Melanie Negron

was walking home on July 26, 2010.  There was a crowd across the street, and Negron heard

someone behind her shouting obscenities and yelling, "Everybody hit the floor."  She looked

over her shoulder at the crowd as she kept walking, and while her attention was diverted, she

tripped over a two-inch-high uneven piece of sidewalk, fracturing both elbows.

¶ 2        Negron brought a negligence suit against the City of Chicago for failing to properly

maintain the sidewalk.  The trial court granted summary judgment to the city, finding that the

city did not have a duty to protect Negron from an open and obvious sidewalk defect.  The court

also rejected Negron's argument that the open-and-obvious doctrine did not apply because she

was distracted by the individual who was shouting at the time she tripped.  We agree with the

trial court and affirm, finding that although the evidence shows that Negron was actually

distracted, the distraction was not something that the city was legally required to anticipate and

guard against.

¶ 3                                     BACKGROUND

¶ 4          On July 26, 2010, at around 7:45 p.m., Negron was walking home along South Division

Street in Chicago.  Normally, Negron walked home along the north side of the street.  But on that

particular day, there was a crowd of people on the north side; they had gathered to celebrate the

fact that a Puerto Rican political prisoner named Carlos Alberto Torres had just been released

from prison.  To avoid the crowd, Negron walked on the south side.

¶ 5          Negron heard someone behind her cursing and shouting "Everybody hit the floor."

Startled and concerned for her safety, Negron looked over her shoulder at the crowd while

continuing to walk.  Two or three steps later, she tripped on a section of sidewalk where there

was a two-inch height differential between adjacent slabs.  At the time she fell, the weather was

clear, it was still light out, and there was nothing obscuring her view of the sidewalk.

¶ 6          Negron brought suit against the city, alleging that she was injured because of the city's

failure to maintain the sidewalk in a safe condition.  The city moved for summary judgment,

arguing that it owed no duty to Negron as a matter of law because the sidewalk defect was open

and obvious.  The city acknowledged that under the distraction exception to the open-and-

obvious doctrine, a landowner may still be liable for injuries caused by an open and obvious

hazard if it is foreseeable that people may be so distracted that they fail to notice or avoid the

hazard.  But the city argued that it did not contribute to, and could not have foreseen, the

obscenity-shouting individual who distracted Negron and caused her to trip.

¶ 7          In support of her contention that the distraction was foreseeable, Negron relied on the

depositions of John Errera, a civil engineer working for the city, and Zenaida Lopez, an

employee at the Puerto Rican Cultural Center.  Errera's primary job function was to supervise

contractors doing sidewalk and street repair work for the city.  This included both sidewalk

installation and repair. While Errera was supervising a repair job, if he saw something in need of repair that was not part of the original job specifications, he would call to have it repaired. Regarding height differences in adjoining sidewalk slabs, he would have them repaired if the difference was at least two inches. He said that a two-inch height differential could be a tripping hazard for someone not paying attention, such as someone talking or texting. "That's just my personal judgment call," he said. As far as he knew, there was no official city standard as to when height differential in sidewalk slabs necessitated repair.

¶ 8    Counsel for Negron showed Errera a photograph of the spot where Negron tripped and asked him whether he would consider it a tripping hazard. "Not necessarily, no," said Errera. "Whoever is walking down the sidewalk, if they're paying attention how they're walking, I don't see why they would trip on this." But he also said he would fix that area if the differential were two inches or more.

¶ 9    Lopez stated in her deposition that on July 26, 2010, a Puerto Rican political prisoner who had been imprisoned for 30 years was released. It was a historic date for the Puerto Rican community in Chicago. Division Street was crowded with celebrants, and Lopez said that "every politician in the city of Chicago was there."

¶ 10    After oral argument, the trial court granted summary judgment to the city, finding that the sidewalk defect was open and obvious and the distraction that diverted Negron's attention was not reasonably foreseeable as a matter of law.

¶ 11    ANALYSIS

Under section 3-102 of the Local Governmental and Governmental Employees Tort Immunity Act, a local public entity, such as the city, "has the duty to exercise ordinary care to maintain its property in a reasonably safe condition." 745 ILCS 10/3-102(a) (West 2012); see

also Restatement (Second) of Torts § 343 (1965) (landowner owes a duty of reasonable care to protect invitees from dangers that present an unreasonable risk of harm). Illinois law recognizes a limited exception for dangers that are open and obvious: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness*." (Emphasis added.) Restatement (Second) of Torts § 343A(1) (1965); see *Deibert v. Bauer Brothers Construction Co.*, 141 Ill. 2d 430, 434-35 (1990) (discussing the adoption of this Restatement section in Illinois). One instance in which a landowner should anticipate harm to invitees is where the landowner has reason to expect that an invitee might be distracted, so that she might not see an obvious danger, or she might see it but then forget about it and fail to protect herself. *Ward v. K mart Corp.*, 136 Ill. 2d 132, 149-50 (1990) (citing Restatement (Second) of Torts § 343A cmt. f, at 220 (1965)); see also *Rexroad v. City of Springfield*, 207 Ill. 2d 33, 45 (2003). This is known as the distraction exception.

¶ 12    As noted, Negron does not dispute that the sidewalk defect was open and obvious, nor could she reasonably do so; the accident happened while it was still light out, and there was nothing obstructing her view of the sidewalk. See *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 18 (crack in the sidewalk was open and obvious as a matter of law). Instead, Negron argues that there is a material issue of fact as to whether the distraction exception applies.[1]

---

[1] Negron also raises an equal protection argument, *i.e.*, that by immunizing landowners from liability for injuries caused by open and obvious defects, landowners are treated differently than injured parties, who must bear the cost of injuries sustained by such defects. Negron did not raise this argument in the trial court and, therefore, has forfeited it. *Clifford v. Wharton Business Group, L.L.C.*, 353 Ill. App. 3d 34, 47-48 (2004). Moreover, Negron fails to articulate how landowners are similarly situated to injured parties for purposes of her constitutional argument. Therefore, we will not address this argument further.

¶ 13    In assessing these claims, we are mindful that summary judgment is appropriate only where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2012). In order to survive a motion for summary judgment, a plaintiff need not prove her case, but she must present a factual basis that would arguably entitle her to judgment. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 335 (2002).

¶ 14    In a negligence action, the plaintiff must show that the defendant owed her a duty of care, the defendant breached that duty, and she suffered injury as a proximate result of the breach. *Choate v. Indiana Harbor Belt R.R. Co.*, 2012 IL 112948, ¶ 22. The existence of a duty of care is generally a question of law to be decided by the court. *Ward*, 136 Ill. 2d at 140. There are four factors that must be considered in determining whether a duty exists: (i) the foreseeability that defendant's conduct will cause injury, (ii) the likelihood of injury, (iii) the magnitude of guarding against that injury, and (iv) the consequences of placing that burden upon the defendant. *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 35; *Sandoval v. City of Chicago*, 357 Ill. App. 3d 1023, 1027 (2005).

¶ 15    For purposes of this appeal, the parties do not dispute that Negron was genuinely distracted by alarming shouts from an individual in the area. Rather, the parties' debate hinges on the issue of foreseeability. The city argues, as it did in the trial court, that it had no reason to foresee that an obscenity-shouting individual would distract Negron, so the city had no duty to protect her from the consequences of that distraction. Negron argues that the distraction was foreseeable for three reasons: first, Errera testified that someone not paying attention due to talking or texting might trip over the uneven sidewalk; second, the city had notice that crowds

would be gathering to celebrate Torres' release from prison on the day of Negron's accident; and third, the sidewalk block upon which Negron tripped was designed as a public gathering space, increasing the chance of an obscenity-shouting individual being in the vicinity.

¶ 16        As noted earlier, the distraction exception only applies where it is reasonably foreseeable that a plaintiff might be so distracted that she blunders into an open and obvious danger.  *Ward*, 136 Ill. 2d at 148 ("A major concern is whether *defendant* could reasonably have foreseen injury to plaintiff." (Emphasis in original.)); see also *Bruns*, 2014 IL 116998, ¶ 29 (compiling cases where distraction was reasonably foreseeable by defendant).  The mere possibility that someone might be distracted does not mean that the particular distraction is foreseeable in a legal sense.  "Foreseeability means that which is *objectively reasonable* to expect, not merely what might conceivably occur."  (Emphasis in original and internal quotation marks omitted.)  *American National Bank & Trust Co. of Chicago v. National Advertising Co.*, 149 Ill. 2d 14, 29 (1992); see also *Bruns*, 2014 IL 116998, ¶ 34.  To hold otherwise would be to saddle landowners with the impossible burden of rendering their land injury-proof, a result which our supreme court has explicitly rejected.  *Ward*, 136 Ill. 2d at 156.  As explained in *Ward*:

>        "Generally a party need not anticipate the negligence of others. [Citations.]  The inquiry is whether the defendant should reasonably anticipate injury to those entrants on his premises who are generally exercising reasonable care for their own safety, but who may reasonably be expected to be distracted *** or forgetful of the condition after having momentarily encountered it."  *Ward*, 136 Ill. 2d at 152.

¶ 17        Accordingly, courts will only find a distraction to be foreseeable if there are special circumstances of which a reasonable landowner would be aware that would cause people to be distracted at the site of plaintiff's accident, as opposed to the world at large.  For instance, at a

department store that sold bulky merchandise, it was foreseeable that shoppers might carry such merchandise in front of their faces and therefore fail to notice and avoid a large post located directly outside the store's exit. *Ward*, 136 Ill. 2d at 154. At a construction site where workers had a practice of throwing construction debris off a balcony, it was foreseeable that people walking at ground level would look up to avoid falling debris and therefore fail to notice ruts in the ground. *Deibert*, 141 Ill. 2d at 438-39. Where workers were painting a billboard and standing upon a narrow walkrail high in the air, it was foreseeable that a worker might be preoccupied with his footing and therefore fail to notice and avoid a nearby high-voltage power line. *American National Bank*, 149 Ill. 2d at 29.

¶ 18        By contrast, where the distraction at issue is a commonplace event that could occur anywhere, landowners are not required to guard against it. *Sandoval*, 357 Ill. App. 3d 1023, is instructive in this regard. The *Sandoval* plaintiff was taking care of a young child who wandered out of her sight. While plaintiff was looking for the child—and distracted by her concern for his safety—she tripped and fell over an open and obvious sidewalk defect. The court held that the distraction exception did not apply, since plaintiff's "personal inattentiveness" was not something the landowner was legally required to anticipate. *Id.* at 1031; see also *Garcia v. Young*, 408 Ill. App. 3d 614, 618 (2011) (landowner not required to anticipate that plaintiff would be distracted by stepping into road to save son from approaching vehicle).

¶ 19        As a final threshold matter, we note that the city did not create or contribute to the distraction that caused Negron's accident, which the trial court found significant. Negron argues that the trial court placed undue emphasis on this fact, since a plaintiff is not required to show that the defendant created or contributed to the distraction. Although a showing that defendant somehow contributed to the distraction is not explicitly required (*Clifford v. Wharton Business*

*Group, L.L.C.*, 353 Ill. App. 3d 34, 45 (2004); see also Restatement (Second) of Torts § 343A(1) (1965) (landowner's creation of a distraction is not a stated prerequisite to liability)), we also observe that a defendant's responsibility for a distraction is highly relevant to the issue of foreseeability. A defendant that either creates or contributes to a distraction will typically have reason to know it exists. *Sandoval*, 357 Ill. App. 3d at 1030 (distraction exception is "primarily" applied in cases where defendant is responsible for the distraction and can therefore be "charged with reasonable foreseeability that an injury might occur"). Conversely, where a defendant bears no responsibility for a distraction, courts frequently find that the defendant could not reasonably have foreseen it. See *id.* at 1030-31; *Richardson v. Vaughn*, 251 Ill. App. 3d 403, 410 (1993) (landowner could not reasonably have anticipated that picnicker would injure himself while running from fellow picnickers with water balloons).

¶ 20        The case of *Lake v. Related Management Co.*, 403 Ill. App. 3d 409 (2010), is instructive on this point. The *Lake* plaintiff was carrying groceries into her apartment when she tripped over an obvious gap in the sidewalk. She brought suit against the owners of her apartment complex, claiming that the distraction exception applied since she was distracted by carrying groceries. The *Lake* court rejected this argument, holding that the apartment complex owners had no reason to foresee that she would be distracted in such a manner. *Id.* at 413. Superficially, this case appears similar to *Ward*, where a man walked into a post because he was distracted by carrying a large mirror that he purchased at a store, and the court held that the distraction exception applied. *Ward*, 136 Ill. 2d at 135. The key difference is that the *Ward* defendant was the store that sold the mirror. Because the store sold mirrors and other large, bulky items—thus contributing to the distraction—it could reasonably predict that consumers would be distracted when carrying such items to their cars. *Id.* at 154. By contrast, the *Lake* defendants had no particular reason to

believe that plaintiff would be distracted by carrying bulky items (even though, in a broad sense, it is common knowledge that residents of apartments often buy things and bring them into their apartments). Thus, while the city's lack of responsibility for Negron's distraction is not an absolute bar to recovery, it is still relevant to the issue of foreseeability.

¶ 21    With these principles in mind, we turn to consider Negron's arguments as to why the city should have foreseen the distraction that caused her injury. Negron first argues that it was foreseeable based on the testimony of city engineer Errera, who stated that a two-inch sidewalk defect could be a tripping hazard for someone not paying attention, such as someone talking or texting. Negron argues that if Errera could anticipate that an accident might occur, surely the city could too. We find this argument unpersuasive. In a broad sense, given any area of sidewalk and a sufficiently long span of time, one could anticipate that a pedestrian will eventually be distracted and trip. This is particularly true in a busy urban setting, where there are numerous vehicles, passersby, and noises that might divert a pedestrian's attention. But, as discussed above, the fact that a distraction "might conceivably occur" is insufficient to render it foreseeable as a matter of law. (Internal quotation marks omitted.) *American National Bank*, 149 Ill. 2d at 29. Errera's testimony that sidewalk users might conceivably be distracted by their own preoccupations or by things around them does not mean that the city was legally required to anticipate such an occurrence at the site of Negron's accident. Moreover, we note that talking and texting, the two "distractions" cited by Errera, are just the sort of self-created distractions that are insufficient to support an exception to the open and obvious doctrine. *Bruns*, 2014 IL 116998, ¶ 31 ("self-made distraction[s]" do not trigger the distraction exception because they are not something that a defendant could reasonably foresee); *Wilfong v. L.J. Dodd Construction*,

401 Ill. App. 3d 1044, 1055 (2010) (distraction exception did not apply to plaintiff talking on his cell phone because it was a self-created distraction).[2]

¶ 22     Negron next argues that a distraction was particularly likely at the time and place of her accident because of the celebration of Torres' release occurring across the street. She characterizes the celebration as "boisterous [and] potentially explosive," and she argues that the city had notice of the celebration based upon Lopez's testimony that "every politician in the city of Chicago was there." Thus, she argues that the city should have foreseen that *someone* in such a boisterous crowd might say or do *something* which might distract a pedestrian passing by.

¶ 23     We disagree. Although it is predictable that a crowd of celebrants would be noisy and exuberant, such noise is not inherently distracting – and, in fact, the general noise of celebration is not what precipitated Negron's accident. Rather, Negron heard one particular individual yelling obscenities and something that she interpreted as a threat, which so startled her that she neglected to look out for her own safety as she walked along the sidewalk. Obscenities and threats are not a natural or predictable consequence of a celebratory gathering, and we decline to hold as a matter of law that the city should have foreseen and guarded against such an occurrence.

¶ 24     Negron's third foreseeability argument is that the area of sidewalk on which she tripped was part of a decorative sidewalk designed as a public gathering space, with "public benches, chess and domino tables for people to gather, and decorative planters." She claims that, by

---

[2] This rule was called into question in *Rexroad*, 207 Ill. 2d 33. Plaintiff, an assistant for his school's football team, was sent by the coach to get a helmet; while returning, he stepped into a hole in the school's parking lot. The *Rexroad* court held that the distraction exception applied despite the apparent lack of any distraction aside from plaintiff's subjective preoccupation with his task. *Id.* at 46. But more recently, our supreme court has affirmed the vitality of the rule that self-created distractions do not trigger the distraction exception. *Bruns*, 2014 IL 116998, ¶¶ 31-32.

inviting people to congregate and linger in the area, the city made it more likely that a noisy individual would distract passersby such as herself. But Negron did not raise this argument before the trial court, nor did she raise it in her opening brief before this court; she raises it for the first time in her reply brief. Accordingly, this argument is forfeited. *Clifford*, 353 Ill. App. 3d at 47-48 (matters not raised before the trial court cannot be raised for the first time on appeal); Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) ("Points not argued [in the appellant's brief] are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 25      None of Negron's arguments persuades us that the city could reasonably have anticipated the distraction that caused Negron's injury, and, therefore, the open-and-obvious doctrine applies. But even though the doctrine applies, we must nevertheless analyze whether any of the relevant factors warrant imposing a duty on the city. *Bruns*, 2014 IL 116998, ¶ 35. Because the distraction in this case was not reasonably foreseeable, the likelihood of injury from the open and obvious sidewalk defect was correspondingly low. Furthermore, the burden of guarding against such injury would be extremely high. The city has miles of sidewalk to maintain. Protecting pedestrians from random distracting noises on a city-wide basis would impose an unreasonable burden upon the city. This is particularly true in light of the testimony that the sidewalk defect was obvious and Errera's statement that a person paying attention would have no reason to trip on it.

¶ 26      Thus, because (i) the defect that caused Negron's injury was open and obvious, (ii) Negron's distraction was not reasonably foreseeable, and (iii) as a matter of law, the city owed no duty to Negron to protect against her injury, the trial court properly granted the city's motion for summary judgment.

¶ 27      Affirmed.