2016 IL App (1st) 153539

THIRD DIVISION
December 21, 2016

No. 1-15-3539

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| DANIEL PETERS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| R. CARLSON & SONS, INC. and GRAHAM ENTERPRISES, INC., | ) | |
| | ) | No. 15 L 5151 |
| Defendants | ) | |
| | ) | |
| (R. Carlson & Sons, Inc., Defendant-Appellee). | ) | Honorable |
| | ) | William E. Gomolinski, |
| | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court, with opinion.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff Daniel Peters appeals from an order of the circuit court granting summary judgment for defendant R. Carlson & Sons, Inc. (Carlson) and codefendant Graham Enterprises, Inc. (Graham) in plaintiffs' personal injury action. Plaintiff contends on appeal that the court erred in granting summary judgment. For the reasons stated below, we affirm.

¶ 2    In his May 2015 complaint, plaintiff raised a claim of negligence against Carlson (count I) and claims of negligence, negligent hiring, and negligent supervision against Graham. He alleged that on and before December 15, 2012, Carlson was constructing a gasoline station on land owned by Graham at 2250 South Arlington Heights Road in Arlington Heights (the premises). On that date, plaintiff was walking on a sidewalk near the intersection of Arlington Heights Road and Algonquin Road when he "suddenly and without warning fell violently into a hole, sustaining serious injuries." He alleged that Carlson controlled the premises where his fall occurred and thus owed a duty to exercise ordinary care in maintaining and securing the premises so that they would be reasonably safe for persons lawfully thereon. He alleged that Carlson breached this duty by negligently and carelessly (1) "causing a hole to be excavated next to the sidewalk at the location described," (2) "failing to inspect the premise[s] such as to discover a hazardous condition near the sidewalk, (3) "failing to place warning devices or otherwise demarcate the hole *** so as to warn pedestrians of its existence," and (4) "failing to repair said hole." He alleged that Carlson created a hole where it knew or should have known that pedestrians would be traveling and thus presented an unreasonably dangerous and hazardous condition to pedestrians including plaintiff. He alleged multiple physical and mental injuries incurring medical bills in excess of $100,000 and that Carlson's negligence proximately caused said injuries.

¶ 3    The negligence count against Graham (count II) alleged the same acts of negligence and that Graham knew or should have known about the unreasonably dangerous and hazardous condition to pedestrians created by the hole. The negligent hiring count (count III) alleged that Graham had a duty of reasonable care in hiring a competent contractor and knew or should have known that Carlson was unfit as a contractor. The negligent supervision count (count IV) alleged

that Graham had a duty of reasonable care in supervising Carlson but breached that duty by inadequately supervising Carlson.

¶ 4 Carlson and Graham appeared and answered jointly. Graham admitted to owning the premises and Carlson admitted to constructing a gasoline station thereon on the alleged date, but defendants denied the substantive allegations of negligence, causation, and injury.

¶ 5 Defendants raised an affirmative defense of contributory negligence. 735 ILCS 5/2-1116 (West 2014). They alleged that plaintiff had a duty of reasonable care for his own safety that he breached by negligently (1) failing to keep a proper lookout while walking on the sidewalk on or about the premises and traversing a known construction site, (2) failing to appreciate and avoid the open and obvious conditions described in his complaint, (3) voluntarily walking through an open construction site where he knew or should have known he would encounter dangerous and hazardous conditions such as holes, and (4) trespassing on the premises. They alleged that plaintiff's negligence was more than half of the proximate cause of his injuries and should bar recovery and alternatively that his damages should be reduced proportionately to his share of proximate causation.

¶ 6 Plaintiff answered the affirmative defense, admitting that he had a duty of reasonable care towards himself but denying all allegations of his negligence and denying that his damages should be barred or reduced by contributory negligence.

¶ 7 Defendants filed a motion for summary judgment. They alleged that plaintiff was walking on the sidewalk next to the premises "when he heard skidding tires and turned to look behind him. Turning caused [him] to step off of the sidewalk into a parkway under construction where he fell. Plaintiff admitted at deposition that the parkway was an open and obvious condition." Defendants

argued that they had no duty to protect plaintiff from this open and obvious condition. They also argued that plaintiff's assertion of the distraction exception, whereby a landowner should expect that an invitee may be distracted and thus either not discover or forget the open and obvious condition, is inapposite because it applies only where a defendant created or contributed to the distraction, while defendants were not responsible for the distraction here. Defendants supported their allegations with citations to plaintiff's deposition, which was attached to the motion. Plaintiff testified to walking past the premises daily and being aware that the premises were under construction including excavation that brought rocks, dirt, and holes to the parkway. He testified to walking on the sidewalk at about 5:15 a.m. on the day in question until he heard a loud sound like skidding tires, turned to look behind him while continuing to walk, and stepped off the sidewalk into the rocks and dirt of the parkway where he fell into a hole. He testified that he could see where he was walking and would not have walked off the sidewalk but for hearing the noise behind him.

¶ 8     Plaintiff responded to the summary judgment motion. In describing his deposition testimony, he added to defendants' description that there was no fence or barricade to prevent falling off the sidewalk into the excavated parkway and that the area was "not too well lit," though he could see where he was going. Plaintiff argued that the hazardous condition of the parkway was at least arguably not open and obvious so that it was a question of fact whether it was an open and obvious hazard. He noted that the conditions here were not the generally accepted instances of open and obvious hazards such as fire, heights, and bodies of water, and that not all visible alleged hazards are open and obvious hazards. Plaintiff alternatively argued that the distraction exception to the open and obvious rule applied, in that it was reasonably foreseeable that a pedestrian on the sidewalk may be distracted by a runaway vehicle or another pedestrian, bicyclist, or skater on the

sidewalk. Plaintiff disagreed that the law required a defendant to have caused or contributed to the distraction for the exception to apply, but merely required that distraction be foreseeable. He argued that merely because many of the cases on the distraction exception involved distractions attributable to a defendant did not make such causation essential to the exception.

¶ 9     Defendants replied in support of their summary judgment motion, arguing that plaintiff's deposition testimony made it clear that the condition of the parkway was openly and obviously hazardous so that its openness and obviousness was not an issue in genuine factual dispute. Defendants maintained that the distraction exception is inapplicable as a matter of law.

¶ 10     On November 18, 2015, following arguments of the parties, the court granted summary judgment for defendants. Plaintiff's timely notice of appeal named only Carlson as appellee, and only Carlson has appeared in this court and filed an appellee's brief.

¶ 11     Before proceeding to the merits of appeal, we note that there is no transcript or other record (Ill. S. Ct. R. 323 (eff. Dec. 13, 2005)) of the hearing on the summary judgment motion. However, as our review of a grant of summary judgment is *de novo* and based on the motion pleadings and supporting discovery, as stated below, we find the record adequate for our review. See *Midwest Builder Distributing, Inc. v. Lord & Essex, Inc.*, 383 Ill. App. 3d 645, 655 (2007).

¶ 12     On appeal, plaintiff contends that the court erred in granting summary judgment, in that there are genuine factual disputes as to whether (1) the condition of the parkway of the premises was an open and obvious hazard and (2) the distraction exception to the open and obvious doctrine applies. Carlson contends that the court did not err in finding the condition of the parkway to be

openly and obviously hazardous as a matter of law and that the distraction exception is inapplicable as a matter of law.[1]

¶ 13    A defendant may move for a summary judgment in its favor, which "shall be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(b), (c) (West 2014). A genuine issue of material fact precluding summary judgment exists when the material facts are disputed, reasonable persons may draw different inferences from the undisputed facts, or reasonable persons can differ on the weight to be given the relevant factors of a legal standard. *Seymour v. Collins*, 2015 IL 118432, ¶ 42. Because summary judgment is a drastic means of disposing of litigation, the pleadings and supporting documentation are construed strictly against the movant and liberally in favor of the opponent, and summary judgment should be granted only when the movant's right is clear and free from doubt. *Id*. That said, a plaintiff opposing a summary judgment motion must present some factual basis—not mere speculation or conjecture—supporting his claim. *Valfer v. Evanston Northwestern Healthcare*, 2016 IL 119220, ¶ 20. Our review of a grant of summary judgment is *de novo*. *Id.* ¶ 19; *Seymour*, 2015 IL 118432, ¶ 42.

¶ 14    In a negligence action, a plaintiff must allege facts establishing the existence of a legal duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by

---

[1]Carlson also contends that plaintiff was a trespasser on the parkway, to whom defendants owed no duty of ordinary care. However, while defendants' affirmative defense alleged plaintiff's trespass as an instance of his contributory negligence, they did not argue trespass as one of the grounds for summary judgment. An issue not raised in a summary judgment motion cannot be raised on appeal from its disposition. *Cabrera v. ESI Consultants, Ltd.*, 2015 IL App (1st) 140933, ¶ 106.

that breach. *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 12. A legal duty concerns a relationship between the defendant and the plaintiff such that the law imposes on the defendant an obligation of reasonable conduct for the benefit of the plaintiff. *Id*. ¶ 14. The factors used to determine whether a duty exists are the (1) reasonable foreseeability of injury, (2) likelihood of injury, (3) magnitude of the burden of guarding against the injury, and (4) consequences of placing the burden upon the defendant. *Id*. Absent a legal duty, recovery by the plaintiff is impossible as a matter of law, so that the existence of a duty under particular circumstances is a question of law. *Id*. ¶ 13.

¶ 15     The open and obvious rule provides that, generally, a party who owns or controls land is not required to foresee and protect against an injury if the potentially dangerous condition is open and obvious. *Id*. ¶ 16. A " 'possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them.' " *Id.* (quoting Restatement (Second) of Torts § 343A, at 218 (1965)). More fully:

> "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
>
> (2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated." Restatement (Second) of Torts § 343A, at 218 (1965).

"Known" for this purpose means "not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and

gravity of the threatened harm must be appreciated." Restatement (Second) of Torts § 343A cmt. b, at 219 (1965). "Obvious" means that the condition and risk are apparent to, and would be recognized by, a reasonable person in the position of the visitor and exercising ordinary perception, intelligence, and judgment. *Bruns*, 2014 IL 116998, ¶ 16 (citing Restatement (Second) of Torts § 343A cmt. b, at 219 (1965)).

¶ 16    The open and obvious rule is not confined to such familiar conditions as fire, height, and bodies of water. *Id.* ¶ 17. Whether a dangerous condition is open and obvious may present a question of fact, but it is a question of law whether the dangerous condition is open and obvious when no dispute exists as to the physical nature of the condition. *Id*. ¶ 18. Similarly, the existence of an open and obvious danger is not a *per se* bar to finding that a defendant has a legal duty, but the foreseeability of harm and likelihood of injury will be slight, which weighs against imposing a duty. *Id*. ¶ 19.

¶ 17    The distraction exception to the open and obvious rule applies "where the possessor [of land] has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." (Internal quotation marks omitted.) *Id*. ¶ 20 (quoting *Sollami v. Eaton*, 201 Ill. 2d 1, 15 (2002), quoting Restatement (Second) of Torts § 343A cmt. F, at 220 (1965)). A distraction is a circumstance, reasonably foreseeable by a defendant, that requires a plaintiff to divert his attention from the open and obvious danger or otherwise prevents him from avoiding the risk. *Id*. ¶¶ 28-29. Distractions created wholly by the plaintiff himself are not reasonably foreseeable. *Id*. ¶ 31.

¶ 18    Courts will find a distraction foreseeable only if there are special circumstances, of which a reasonable landowner would be aware, that would cause persons to be distracted at the site of the

plaintiff's incident in particular. *Negron v. City of Chicago*, 2016 IL App (1st) 143432, ¶ 18. Landowners are not required to guard against a distraction that is commonplace and could occur anywhere. *Id*. ¶ 19. While a defendant's contribution to the distraction is not essential or elemental to the distraction exception, it is highly relevant to foreseeability: a defendant who contributes to a distraction typically has reason to know it exists, while courts frequently find that a defendant could not reasonably have foreseen a distraction it did not contribute to. *Id*. ¶ 20.

¶ 19    Here, we find that the court did not err in finding the condition of the parkway of the premises to be an open and obvious hazard as a matter of law. Plaintiff testified that the lighting near where he fell was not very good but also testified that the lighting was sufficient to see where he was going. He testified to being aware of the condition of the parkway, including rocks, dirt, and holes. Moreover, he testified that he always walked by the premises on the sidewalk and would not walk in the parkway of the premises because of its condition. He testified that "[a]nybody could tell that" the parkway was under construction, agreed with characterization of the parkway condition as "dangerous," and he characterized walking across the parkway of the premises in that condition as "stupid to do." In sum, his testimony shows both knowledge of the existence of the condition of the parkway and appreciation of the danger it presented.

¶ 20    This brings us to the distraction exception to the open and obvious doctrine. It is undisputed for purposes of summary judgment that plaintiff walked off the sidewalk into the parkway where he was allegedly injured only because the sound of skidding brakes behind him caused him to look back while he continued walking. It is also not in dispute that there is no evidence attributing this noise in whole or in part to defendants. The issue before us is thus a legal one, the scope of the distraction exception as to foreseeable distractions. Plaintiff argues that

reasonably foreseeable distractions fall under the exception while Carlson argues that only distractions at least partially attributable to a defendant suffice. As stated above, the distraction exception applies to distractions foreseeable in special circumstances that would cause persons to be distracted at the site of the plaintiff's incident, not commonplace distractions that could occur anywhere. We consider plaintiff's distraction, a braking sound behind him as he walked along a street, commonplace and not a special circumstance. Moreover, while not by itself decisive, it weighs heavily against foreseeability that there is no evidence or allegation that defendants contributed to plaintiff's distraction. We find the distraction exception inapplicable as a matter of law. We conclude that the trial court did not err in granting summary judgment for defendants, including appellee Carlson.

¶ 21    Accordingly, the judgment of the circuit court is affirmed.

¶ 22    Affirmed.